[Civ. No. 9716. Second Appellate District, Division Two.—May 24, 1934.]

EDWARD M. RASKIN, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

Loeb, Walker & Loeb for Petitioner.

Everett W. Mattoon, County Counsel, and Earl O. Lippold, Deputy County Counsel, for Respondents.

STEPHENS, P. J.—Our writ of review previously issued to the respondent court in the matter of its judgment of contempt of court pronounced upon petitioner.

The statements of fact as contained in the briefs enable the issue to be stated in one question. Is an attorney at law, employed by an attorney at law, guilty of contempt by appearing in court under instruction of his employer and arguing a motion in a pending case, the employer but not the employee being attorney of record in the case? Respondent cites subdivisions 3, 6 and 9 of section 1209 of the Code of Civil Procedure as follows:

"3. Misbehavior in office, or other willful neglect or violation of duty by an attorney, counsel, clerk, sheriff, coroner, or other person, appointed or elected to perform a judicial or ministerial service. 6. Assuming to be an officer, attorney or counselor of a court, and acting as such, without authority. 9. Any other unlawful interference with the process or proceedings of a court."

In addition to the statute, the inherent power of the court enables it to protect its orderly processes by punishing those who disturb them. "No court of justice could accomplish the object of its existence unless it could in some way preserve order and enforce its mandates and decrees. The common method of doing these things is by the process of contempt. Therefore the power to proceed thus is incident to every judicial tribunal, derived from its very

constitution, without any express statutory aid." (Bishop on Criminal Law, vol. 2, 7th ed., 243.)

Contempt is a disobedience of court by acting in opposition to its authority, justice or dignity, and is an offense of a criminal nature which must be supported as other criminal charges are supported and which is subject to the same presumptions.

We will take judicial notice of the fact that in California it is, and for a long time has been, a general custom sanctioned by recognition of the courts for attorneys at law singly and by firms to employ attorneys at law to assist in legal work placed in their care, including appearances in court without the formality of being made attorneys of record. We doubt not that the court could refuse to recognize an attorney at law until he became an attorney of record; or that the court could prescribe a general rule requiring such in every case, but nothing of this sort is before us. The simple action of petitioner in line with the established custom neither satisfied the requirements of contempt of court nor the requirements for conviction of that offense.

The judgment is annulled and vacated.

Craig, J., and Archbald, J., *pro tem.*, concurred.