[Crim. No. 2561. Second Appellate. District, Division Two.—November 7, 1934.]

In the Matter of the Application of BELLE McCORD ROBERTS for a Writ of Habeas Corpus.

C. W. Humphreys for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

THE COURT.—Petitioner was adjudged in contempt of court for failure to return to court as a witness for defendant in a criminal case on the trial date to which such case was continued. A jail sentence was imposed and in addition thereto a fine was assessed with an alternative of further imprisonment in lieu of the fine. Commitment was issued and petitioner remanded to custody. The commitment sets out that subpoena directing petitioner to appear in court April 30, 1934, at 10 o'clock A. M., as witness in the case of *People* v. *Frank J. Golden,* was issued and served on her; that she was in court as a witness on April 30th; that all witnesses were ordered by the court, in open court, to remain in attendance except during such time as the court on April 30 and May 1, 1934, declared recesses over noon hours and evenings; that petitioner failed to attend court May 1, 1934; that she was brought in on a bench warrant; that a hearing on charge of contempt was held, at which petitioner testified; "and it appearing to said court that the failure of said Belle McCord Roberts to attend as a witness in this court on said May 1, 1934, was willful and intentional", she was adjudged in contempt of court and the punishment was imposed.

It appears from the transcript of the proceedings at the contempt hearing that the case was called for trial "somewhere around 9:30 to 10 o'clock Monday morning" (April 30th), whereas the subpoena had directed petitioner to appear at 10 o'clock A. M. She stated that another case was

being heard when she arrived in court on April 30th, that she asked the clerk about the Golden case and the latter said it would not be tried until later, and that petitioner then left and went to Long Beach, where defendant was staying. There was no evidence that petitioner was present in court when the court instructed the witnesses to return on Tuesday. Petitioner testified that she was not in court when the case was called and that she did not know she had to be in court on Tuesday; that she was not familiar with court procedure and had been excused by the attorneys for defendant who had subpoenaed her.

■ There is no evidence that petitioner violated any instruction of the court which was communicated to her. It is true that general instructions were given for witnesses to remain in attendance, but this occurred at an hour earlier than that fixed by the subpoena, and petitioner was not present to hear them. The finding that petitioner's failure to appear as a witness on May 1st was wilful and intentional is not supported by the record of the contempt proceedings.

■ ''One who has been adjudged guilty of contempt has but two remedies—*habeas corpus* and *certiorari*. . . . While neither writ is one of error, both extend to the entire record of the court below and to the evidence itself when necessary to determine jurisdiction. . . . When the only evidence in the record and the presumptions available to the petitioner are contrary to the findings and conclusions of the trial court, these. must be disregarded.'' (*In re Lake*, 65 Cal. App. 420 [224 Pac. 126].) Knowledge of the court's order on the part of the petitioner is essential to the jurisdiction of the court and the record fails to show this fact.

The commitment is annulled and petitioner discharged.