[Civ. No. 11082.   First Appellate District, Division Two.—February 23, 1940.]

LESLIE C. GILLEN, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Leo R. Friedman for Appellant.

Melvin M. Belli, J. W. Ehrlich and M. Mitchell Bourquin for Respondents.

STURTEVANT, J.—The petitioner, a deputy district attorney, while attending the preliminary hearings set in the defendant court was adjudged guilty of contempt of court. He applied for and was granted a writ of review. That proceeding was heard in the superior court. From the judgment rendered in the latter court the petitioner appealed and has brought up typewritten transcripts.

On the 10th day of March, 1938, Honorable Twain Michelsen was the duly elected, qualified and acting judge of Department Ten of the Municipal Court of the City and County of San Francisco. On that date there had just been concluded certain criminal proceedings against Peter McDonough and Thomas McDonough. On that date there were also pending in said court other criminal proceedings involving the same defendants, which were ready for further proceedings. The petitioner was present as the representative of the office of the district attorney. Charles H. Brennan, Esq., an attorney at law, was present representing the defendants. Mr. Brennan asked an immediate hearing. Thereupon the following occurred:

"Mr. Brennan: There are just two defendants that are charged with misdemeanors, and I am informed by Mr. Burke they are Peter McDonough and Thomas McDonough, and four charges against each. We will ask an immediate hearing on those charges, and we are ready to proceed to trial at whatever time will be convenient for the Court.

"The Court: What is your pleasure?

"Mr. Brennan: I don't know what the present mind of the District Attorney is.

"Mr. Gillen: My mind would be to file an affidavit of prejudice at once.

"Mr. Brennan: This is not the time to do that. If you are talking for publicity purposes, I am going to talk myself. You have been trying your cases in the Press for two years, and you have been vilifying every person who opposed you. You have been licked and you will be licked, every time you start.

"Mr. Gillen: You won before you started.

"The Court: For that remark, I adjudge you guilty of contempt of court, and fine you $50. You are not going to impugn the integrity of this Court.

"Mr. Gillen: I expected that."

Two continuances were had. On March 15, 1938, the trial court prepared and signed a formal order. After certain recitals said order ended with paragraphs worded as follows:

"Now therefore, be it ordered and adjudged by this Court, that the said Leslie C. Gillen by reason of said acts, conduct and statements, was and is guilty of contempt of the authority of this Court, committed in its presence on this 10th day of March, 1938.

"And it is further ordered, that the said Leslie C. Gillen be punished for said contempt, and that he is hereby fined the sum of Fifty Dollars, and that he pay said sum of Fifty Dollars to the Clerk of this Court, (and that in default of the payment of said fine he be imprisoned in the County Jail of the City and County of San Francisco, State of California until the said fine is paid, such imprisonment not to exceed one day for each and every Two Dollars of said fine that shall so remain unpaid or shall remain unsatisfied)." (Parentheses ours.) On March 17, 1938, a writ of review issued out of the superior court at the request of the petitioner directing the defendants to certify up the record. In due time said order was complied with, a hearing was had, and the judgment appealed from was thereafter rendered. That judgment annulled that portion of the judgment theretofore rendered in said department nine of said municipal court by said Honorable Twain Michelsen, the judge presiding therein, which we have enclosed in parentheses, and the rest of the said judgment was affirmed. From the portion affirmed the petitioner appealed.

█ He asserts the judgment rendered by the judge of the municipal court was void. In that connection he makes no claim that the above-mentioned criminal proceedings were not regularly pending in said municipal court nor that the said court did not have jurisdiction of said proceedings. But he claims the above-mentioned judgment rendered in said court, as modified by the above-mentioned judgment of the superior court, was void because the facts showed no contempt. In this connection he asserts: "In determining the sufficiency of evidence to sustain an adjudication of contempt or the sufficiency of facts set forth in an affidavit or commitment for contempt, the same must be judged by the rules applied to criminal actions. As no intendments or presumptions can be indulged in favor of the adjudication, if the facts

lead to two rational conclusions, one pointing to guilt and the other to innocence, the conclusion of innocence must prevail." Petitioner cites and relies on *Hotaling* v. *Superior Court*, 191 Cal. 501, 505 [217 Pac. 73, 29 A. L. R. 127], *In re Roth*, 3 Cal. App. (2d) 226, 229 [39 Pac. (2d) 490], and *In re Buckley*, 69 Cal. 1, 13 [10 Pac. 69]. Each of those cases involved a constructive contempt. The present case involves a direct contempt. Those cases are not in point. Petitioner also cites and relies on *In re Roberts*, 2 Cal. App. (2d) 70, 72 [37 Pac. (2d) 477], and *Curran* v. *Superior Court*, 72 Cal. App. 258, 267 [236 Pac. 975]. Neither case presented a record showing the use of such language as was used in the present case. The petitioner claims the language used by him was susceptible of a construction showing the meaning was not contemptuous. However, it is clear said municipal court had jurisdiction of the proceedings pending before it. It also had jurisdiction to determine what was or was not contemptuous language. Unless we can say, as a matter of law, that said language was susceptible of that construction only, for which the petitioner now contends, we may not say the trial court exceeded its jurisdiction. The language used by the petitioner is to be considered in connection with all of the surrounding circumstances. Having read the record with due care we are unable to say, as a matter of law, that the trial court did not properly construe the language used by petitioner.

The petitioner also contends the words spoken from the bench, "For that remark, I adjudge you guilty of contempt of court and fine you $50. You are not going to impugn the integrity of the court," constitute the judgment of the trial court and the whole thereof. Such is not the law. On the happening of the event it was appropriate that the court should have stated, "You are guilty of contempt." But the contempt proceeding could have been, and was, legally continued to a future date. To constitute a judgment of contempt it was necessary that the court should make an order reciting the facts. (Code Civ. Proc., sec. 1211.) In framing that order it was entirely proper to set forth the tone and manner in which the words were uttered and the position from which the contemner uttered the objectionable language. (*In re Hallinan*, 126 Cal. App. 121 [14 Pac. (2d) 797].) That order was not filed until March 15, 1938. It

was the judgment to be enforced, if not annulled or appealed from, and which determined the rights of the petitioner. (*Rose* v. *Superior Court,* 140 Cal. App. 418, 422–427 [35 Pac. (2d) 605].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.