[Civ. No. 16749.   First Dist., Div. Two.   Aug. 23, 1956.]

JOHN E. BLAKE, Appellant, v. MUNICIPAL COURT FOR THE NORTHERN JUDICIAL DISTRICT OF SAN MATEO COUNTY, Respondent.

John J. Taheny, Jr., John J. Taheny and Chas. N. Douglas for Appellant.

W. L. A. Calder and Abraham Glicksberg for Respondent.

DOOLING, J.—Appellant was adjudged guilty of contempt of court by respondent municipal court and sentence imposed. His petition for a writ of review was granted by the superior court. After a hearing the latter court rendered judgment discharging the writ and affirming the order to

which the writ was directed. The petitioner appeals from this judgment.

Pursuant to the order contained in the writ of review respondent certified and sent to the superior court a transcript of all records and proceedings had before it in respect to this matter. A minute order dated December 2, 1954, of respondent court states:

"Defendant herein, John E. Blake, is hereby cited to be in contempt of this Court in that he committed certain acts in the presence of this Court as follows:

"1. That said John E. Blake violated the rules of this Court in that he approached the Bench of this Court, prior permission so to do not having been obtained.

"2. That said John E. Blake, in the presence of this Court, did make loud and unusual noises.

"3. That said John E. Blake did make an attempt to effect a service of process upon the Judge of this Court while said Court was in session and while said Judge was sitting as Judge of this Court.

"Said process ordered held as evidence. Said John E. Blake released on own recognizance, ordered to return on December 7, 1954, at the hour of 9:30 o'clock A. M. for sentence herein."

A second minute order shows that on December 7, 1954, "defendant appears in court with his attorney, John J. Taheny, Jr., for sentence. The court imposes sentence as follows: Five days in the County Jail, Suspended on condition a fine of $100.00 is paid. Ten day stay of execution granted."

On December 16, 1954, the day before the suspension of this sentence would expire, appellant filed his petition for certiorari in the superior court and the writ of certiorari was issued thereon. On December 17, the day after the writ had issued restraining further proceedings in the municipal court, a signed order bearing date of June 7 and entitled "Formal Order Adjudging John Blake Guilty of Contempt" was filed with the clerk of the municipal court. This written order purports to state the facts of the three alleged instances of contempt in somewhat different language from the original order of December 2.

At the outset we must determine the effect, if any, of the purported order filed on December 17.

It is well settled that where an order or judgment correctly records the completed judicial action of a court the

court can thereafter vacate, modify or supersede it only in the manner provided by law and where the law makes no provision for such action an order attempting to vacate, modify or supersede it is void and of no effect. ■ The rule is frequently stated that a clerical error or misprision may always be corrected by the court but judicial action may not be. (29 Cal.Jur.2d, Judgments, § 102, pp. 17-19.)

■ An examination of the record satisfies us that the purported order filed on December 17, 1954, falls within the latter class. The order of December 2 recites the facts constituting the alleged contempt and orders the appellant to appear on December 7 "for sentence." The order of December 7 recites the appearance of appellant in court "for sentence" and further shows the action of the court: "The Court imposes sentence as follows: . . ." The two orders taken together show completed judicial action: the finding of appellant guilty of contempt in the particulars specified and the formal imposition of sentence therefor. This judicial action being complete and final, it was no longer open to the court to make any further or different order therein.

The case in this respect is similar to that under review in *McLaughlin* v. *Superior Court*, 128 Cal.App.2d 62 [274 P.2d 745]. In that case the court after making its order dismissing a contempt proceeding purported to set the order of dismissal aside and adjudge the petitioner guilty of contempt. The court said in holding the orders of the court subsequent to the order of dismissal void (128 Cal.App.2d p. 66):

"Since '[t]he judgment and orders of the court, judge, or justice, made in cases of contempt, are final and conclusive' (Code Civ. Proc., § 1222), and the contempt citation had been dismissed, the court had no authority to make the order of June 24 purporting to set aside its order of June 16 and then to grant the exceptions of defendant to the findings and recommendation of the commissioner, and to vacate and set aside the order made thereon dismissing the contempt proceedings. In making its purported order of June 24, the obvious purpose of the court was to change its prior decision and thus correct a judicial error. Certainly the order dismissing the contempt citation was not the result of clerical or other inadvertence which caused the order not to truly reflect the court's decision. In such circumstances it is held in *Stevens* v. *Superior Court*, 7 Cal.2d 110, 112 [59 P.2d 988], that 'While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which

are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend for judicial error.' This court has pointed out, in *Maxwell* v. *Perkins*, 116 Cal.App.2d 752, 755 [255 P.2d 10], that 'This class of error may be corrected only by appropriate statutory procedure and a court may not vacate an order not of a discretionary nature merely because upon reexamination of the issues it decides it has misapplied the controlling law.' As said in *Eisenberg* v. *Superior Court*, 193 Cal. 575, 579 [226 P. 617], quoting from *Holtum* v. *Grief*, 144 Cal. 521, 525 [78 P. 11] : 'The decision of the trial court having been once made *after regular submission of the motion* its power is exhausted—it is *functus officio.' "*

Counsel for respondent cite *Gillen* v. *Municipal Court*, 37 Cal.App.2d 428 [99 P.2d 555], in support of the court's power to make the order of December 17.   In the Gillen case the facts were substantially different.   The court orally declared the petitioner in that case to be in contempt at the time the alleged contempt occurred and continued the matter to a later date at which the formal adjudication of contempt was filed. The court said (37 Cal.App.2d 431) :   ''On the happening of the event it was appropriate that the court should have stated, 'You are guilty of contempt.'   But the contempt proceeding could have been, and was, legally continued to a future date.   To constitute a judgment of contempt it was necessary that the court should make an order reciting the facts.   (Code Civ. Proc., § 1211.)''

In our case the court on December 2 did more than orally state to appellant, ''You are in contempt.''   The court caused a formal order to be entered in the minutes reciting the facts constituting the alleged contempt and continued the matter to December 7 ''for sentence'' only, and on December 7 imposed sentence without attempting then to make, or to reserve any right to make in the future, any further findings of fact or order.   In the language of *Holtum* v. *Grief*, quoted *supra* : ''The decision of the trial court having been once made . . . its power is exhausted—it is *functus officio.''*

We then turn to the recital of facts in the order of December 2 to determine whether they are sufficient to support the adjudication of contempt.   ▮   In doing so the rules to guide us are clearly set forth in *Raiden* v. *Superior Court*, 34 Cal.2d 83, 86 [206 P.2d 1081] :

"The order adjudicating a direct contempt is valid only if the recital of facts therein shows acts which constitute a contempt. If the facts so recited do not constitute a contempt the order is not enforceable. (Code Civ. Proc., § 1211; *Overend* v. *Superior Court*, 131 Cal. 280 [63 P. 372]; *Otis* v. *Superior Court*, 148 Cal. 129, 130 [82 P. 853]; *In re Short-ridge*, 5 Cal.App. 371, 375 [90 P. 478]; *Bennett* v. *Superior Court*, 73 Cal.App.2d 203, 209 et seq. [166 P.2d 318]; see also *In re Hallinan*, 126 Cal.App. 121 [14 P.2d 797], *Rose* v. *Superior Court*, 140 Cal.App. 418 [35 P.2d 605], and *Gillen* v. *Municipal Court*, 37 Cal.App.2d 428 [99 P.2d 555].)

■ Because of the penalties imposed a contempt is criminal in nature and presumptions or intendments may not be indulged in support of the order. The findings and judgment are strictly construed to favor the accused. (*Hotaling* v. *Superior Court*, 191 Cal. 501, 506 [217 P. 73, 29 A.L.R. 127]; *Wilde* v. *Superior Court*, 53 Cal.App.2d 168, 177 [127 P.2d 560].)"

■ Construing the findings strictly to favor the accused the facts recited are insufficient. We take them up in order:

1. Appellant "violated the rules of this Court in that he approached the Bench of this Court, prior permission so to do not having been obtained."

The rule alleged to have been violated is not set forth. How can one know, without knowing its language, that the court's conclusion that it was violated is correct? It does not appear how or when the rule was promulgated, whether it was a formally adopted rule or an informally declared rule of the particular judge. It does not appear how close to the bench appellant approached. He may, for all that appears, have approached the bench from the rear of the courtroom and only have advanced toward it one or a few steps. ■ In the exercise of the summary power to adjudge a person guilty of a direct contempt the decisions require the facts to be stated with sufficient particularity to show, without the aid of speculation, that a contempt actually occurred.

■ 2. Appellant "in the presence of this Court, did make loud and unusual noises." What sort of noises, vocal or otherwise, intentional or accidental? For aught that appears appellant may have stumbled accidentally and fallen to the floor with a loud crash. The finding that he made "loud and unusual noises" is as consistent with his having done so innocently and non-contemptuously as otherwise.

■ 3. Appellant "did make an attempt to effect service of process on the Judge of this Court, while said Court was in session and while said Judge was sitting as Judge of this Court."

What process? Without deciding whether the quiet and unobtrusive service of process on a judge while sitting on the bench might otherwise constitute a contempt, the service of certain types of process under such circumstances certainly could not do so. The recital would be true if the process was the writ of a higher court directing the judge not to proceed further with the very matter which was then being presented before him. Certainly the service of such a writ under such circumstances would be eminently proper and could not standing alone constitute contempt of court.

"In a summary contempt proceeding the judge who metes out the punishment is usually the injured party and the prosecutor as well. Since such a situation invites caprice, appellate courts almost without exception require that the order adjudging the person in direct contempt of court recite in detail the facts constituting the alleged transgression rather than the bare conclusions of the trial judge." (*Gallagher* v. *Municipal Court,* 31 Cal.2d 784, 795 [192 P.2d 905].)

Judgment reversed with directions to the trial court to annul the adjudication of contempt.

Devine, J. pro tem.,* concurred.

A petition for a rehearing was denied September 21, 1956, and respondent's petition for a hearing by the Supreme Court was denied October 17, 1956.

---

*Assigned by Chairman of Judicial Council.