[Crim. No. 9536. Second Dist., Div. Three. Feb. 11, 1964.]

In re EVERT L. HAGAN on Habeas Corpus.

Jesse A. Hamilton for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

FORD, J.—On November 22, 1963, Evert L. Hagan was found to be in contempt of court and sentenced to serve five days in the county jail as punishment. The order was made in the course of proceedings in the case entitled *Fairfield* v. *Hamilton et al.*, in which Hagan was a defendant. The case had been previously tried, but Hagan had been granted a new trial and the order with respect thereto had been affirmed on appeal on August 8, 1962. (*Fairfield* v. *Hamilton*, 206 Cal.App.2d 594 [24 Cal.Rptr. 73].)

On October 1, 1963, a pretrial conference was held. Jesse A. Hamilton appeared as counsel for Hagan. Pursuant to a written stipulation executed by the plaintiff and by Mr. Hamilton as the attorney for Hagan, a commissioner of the superior court was appointed to act as judge pro tempore with respect to the ''pre-trial'' in the matter. In the pretrial conference order, dated October 2, 1963, made by the judge pro tempore, it was stated that no law and motion matters ''are pending or likely'' and that the case had already been set for trial. On October 21, 1963, the judge pro tempore heard and denied a motion of the defendant Hagan for an order granting him leave to file a cross-complaint. Hagan filed a notice in the superior court on October 23, 1963, in which he stated that he appealed from that order.

On November 22, 1963, another motion of the defendant Hagan for an order granting him leave to file a cross-complaint was transferred for hearing from department 2 of the superior court[1] to the same commissioner who had previously been designated as judge pro tempore. ▇▇▇ The record shows that immediately upon the commencement of the proceedings before the judge pro tempore, the following oc-

---

[1]The minutes of Department 2 for that date are in part as follows: ''Motion for order granting defendant Evert L. Hagan leave to file cross-complaint transferred to Department 2-C, Commissioner ... [same commissioner who was appointed judge pro tempore on October 1, 1963]. Defendant Hagan thereupon objected to the matter being heard by said Commissioner. The court thereupon ruled that this motion appeared to be a renewal of the same motion previously heard and ruled upon by said Commissioner acting as Judge pro-tem by stipulation of parties entered into at the pretrial conference and overruled the objection.''

curred: "THE COURT: First of all, I want to know, does anyone have any equipment to record this particular hearing? MR. EVERT L. HAGAN: Yes, sir, I have. I'm recording what you are saying right now. THE COURT: I hereby hold you in contempt of Court. MR. EVERT L. HAGAN: Very well. THE COURT: You are sentenced to five days in County Jail. Mr. Hamilton, are you aware that this man has this equipment? MR. HAMILTON: No. THE COURT: Mr. Hamilton, on a previous occasion here, Mr. Hamilton—MR. HAMILTON: I know he uses it from time to time. THE COURT:—you participated in an application for a Writ of Supersedeas in aid of appellate jurisdiction. At that time you filed with the Court of Appeal material which was taken by a recording. MR. HAMILTON: Yes. THE COURT: Did you know that that was taken by—MR. HAMILTON: Yes. THE COURT: All right. I hereby hold you in contempt of Court and sentence you to five days in jail. The motion will be continued until—I want this man—I want the bailiff brought in and this equipment taken from him right away, and you are to proceed to jail forthwith."

The order contained a recital of the substance of the proceedings as set forth above in the excerpt from the reporter's transcript. Nothing therein shows the commission of either "Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a ... judicial proceeding" (see Code Civ. Proc., §1209, subd.1), or "A breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the due course of a ... judicial proceeding" (see Code Civ. Proc., § 1209, subd. 2). There is no basis for an inference that the recording device was visible or made any noise. Inquiry must be made, therefore, as to whether the jurisdictional foundation for the order of contempt can be found to exist because of "Disobedience of any lawful ... order ... of the court" (see Code Civ. Proc., § 1209, subd.5) or because of "Any other unlawful interference with the ... proceedings of a court" (see Code Civ. Proc., § 1209, subd.8).

The county counsel places reliance upon certain rules relating to pretrial proceedings. It is, of course, true that the granting of leave to file a cross-complaint and bring in new parties would have the effect of modifying the prior pretrial conference order. (See *Posz* v. *Burchell*, 209 Cal.App.2d 324, 335 [25 Cal.Rptr. 896]; *Jones* v. *Burgermeister Brewing Corp.*, 198 Cal.App.2d 198, 203 [18 Cal.Rptr. 311].) While

there is no rule expressly requiring that law and motion matters arising after the pretrial order be heard by the judge who conducted the pretrial conference, rule 216 of California Rules of Court provides that any motion to modify the pretrial order before trial "shall be heard by the pretrial conference judge," if he is available. Upon the provisions of the rules the county counsel predicates the following argument: "California Rules of Court, rule 211 (b) states that no pretrial conference shall be reported by a phonographic reporter except upon demand of a party or order of the pretrial conference judge. No request for a reporter as required was made by petitioners.[2] Rule 211 (d) prescribes that 'the pretrial conference, or any part thereof, other than the pretrial order as filed, shall not be referred to at the trial or used other than in proceedings to correct or modify such order, to interpret such order, or on appeal pursuant to rule 218.' Secret reports such as were employed by petitioners here violate the injunction of the rule. Under rule 214(b) even the Pretrial Judge is enjoined from referring to settlement of the case in the Pretrial Conference Order."

The difficulty with the argument presented is that it relates to the subject of subsequent misuse of matters arising in the course of pretrial proceedings and not to the question of the right of a litigant or his counsel to act in aid of his memory by making a record of such matters for his own proper use. Apropos is the reasoning of the court in *Wrather-Alvarez etc. Inc.* v. *Hewicker*, 147 Cal.App.2d 509 [305 P.2d 236], a case involving the right of a secretary of a news reporter to take shorthand notes of the proceedings in a public trial. The court stated, at pages 513-514: "Insofar as the facts before us are concerned, we will only consider the question of the right of petitioner or his assistant while in the courtroom, to make shorthand notes of the proceedings of the court for whatever purpose they may desire, so long as it does not then and there interfere with the orderly conduct of the proceedings before the court or its officers. What petitioners may do with said notes or the manner in which they may use them afterwards is not before us for consideration. That would be a separate proceeding and would not amount to a contempt in the presence of the court."

[2]The county counsel, on behalf of the superior court, states in his points and authorities: "The court, informed of the scheduled hearing, had ordered an official reporter in order to insure a proper record should a contempt order be appropriate."

It is true that a court has the inherent power to exercise a reasonable control over all proceedings connected with the litigation before it, so that there may be the orderly administration of justice. (*Cooper* v. *Superior Court*, 55 Cal.2d 291, 301 [10 Cal.Rptr. 842, 359 P.2d 274]; see Code Civ. Proc., § 128.) But in the present case we are not called upon to determine the limits of that power with respect to the use by parties or their counsel of recording devices of various kinds. This case does not involve either a specific rule or an order purporting to control recording devices. (Cf. *Blake* v. *Municipal Court*, 144 Cal.App.2d 131, 136 [300 P.2d 755].) The record reveals no basis for an adjudication that the conduct of Hagan was contemptuous.

As Presiding Justice Shinn of this court stated in *In re Burns,* 161 Cal.App.2d 137, at page 144 [326 P.2d 617]: "The power of the court to punish for contempt is indeed broad, but it is not unlimited. It is a drastic remedy, to be employed only when necessary to the proper and orderly conduct of judicial proceedings. A charge of contempt of court must be considered judicially as the question of guilt of any criminal offense must be, . . ."

In the absence of any showing that an actual contempt of court was committed, the order of the superior court cannot stand. Accordingly, it is unnecessary to consider the question of whether the appointment made on October 1, 1963, of the commissioner as judge pro tempore, pursuant to stipulation, was effective with respect to the proceedings which occurred on November 22, 1963.

The order adjudging Evert L. Hagan in contempt is annulled and he is ordered discharged from custody.

Shinn, P. J., and Files, J., concurred.