**Evert L. HAGAN, Plaintiff,**

**v.**

**The STATE OF CALIFORNIA, Harold V. Boisvert, and William H. Levit, Defendants.**

**Civ. No. 66–1880–F.**

United States District Court
C. D. California.

March 17, 1967.

## JUDGMENT OF DISMISSAL

FERGUSON, District Judge.

The motions of the defendants, Harold V. Boisvert and William H. Levit, to dismiss the action against them having been heretofore argued and submitted, are decided as follows:

The motions are granted on the ground of the failure of the amended complaint to state a claim upon which relief can be granted. (Rule 12(b), Federal Rules of Civil Procedure.)

This case arises under the Civil Rights Act, 42 U.S.C.A. §§ 1983 and 1985.

 The material facts are viewed in a light most favorable to the plaintiff as determined from the allegations of the amended complaint [Sidebotham v. Robison, 216 F.2d 816, 831 (9th Cir. 1954); Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150, 153 (5th Cir. 1965); Melo-Sonics Corp. v. Cropp, 342 F.2d 856, 858 (3d Cir. 1965)], admitting and accepting as true all facts well pleaded [Hoffman v. Halden, 268 F.2d 280, 298 (9th Cir. 1959)], together with the facts set forth in the opinion of the District Court of Appeal of the State of California, entitled In re Hagan, 224 Cal.App.2d 590, 36 Cal.Rptr. 828 (1964). The plaintiff stipulated that this Court may, in addition to the allegations set forth in the amended complaint, consider the facts set forth by the District Court of Appeal. The citation of that case was pleaded in the amended complaint and therefore this is not a matter outside the pleading requiring the motion to be treated as one for summary judgment to be disposed of as provided in Rule 56. Thus the Court will apply the rule, favorable to the plaintiff, that his pleading must be liberally construed. See Cook v. Hirschberg, 258 F.2d 56, 57–58 (2d Cir. 1958); Sidebotham, supra; Fowler, supra; Melo-Sonics, supra.

Evert L. Hagan was a defendant in a Los Angeles Superior Court action, entitled Fairfield v. Hamilton, et al. On October 1, 1963, a pre-trial conference was held. Pursuant to a written stipu-

Jesse A. Hamilton, Los Angeles, Cal., for plaintiff.

Harold W. Kennedy, County Counsel, by Donald K. Byrne, Deputy County Counsel, Los Angeles, Cal., for defendants.

lation, Harold S. Boisvert, a Commissioner of the Superior Court, was appointed to act as judge pro tempore with respect to the pre-trial conference.

The Pre-Trial Conference Order, dated October 2, 1963, made by Commissioner Boisvert, stated that no law and motion matters "are pending or likely", and that the case had already been set for trial.

On October 21, 1963, Commissioner Boisvert heard and denied a motion of Hagen for an order granting him leave to file a cross-complaint.

On November 22, 1963, Hagan filed another motion for an order granting him leave to file a cross-complaint. The motion was made before William H. Levit, a Judge of the Superior Court. Judge Levit transferred the hearing on the motion to Commissioner Boisvert over the objection of Hagan. Judge Levit found that the motion appeared to be a renewal of the same motion previously heard and ruled upon by Commissioner Boisvert, and thereupon overruled the objection to the transfer of the hearing of the motion to the Commissioner.

Upon the commencement of the proceedings before Commissioner Boisvert, the Commissioner held Hagan in contempt of court for having equipment to record the particular proceedings. Commissioner Boisvert sentenced Hagan to five days in jail for the contempt, and he was thereafter taken to the Los Angeles County Jail.

Hagan was released from jail the following day pursuant to a Writ of Habeas Corpus. Subsequently the District Court of Appeal of the State of California held that although a court has inherent power to exercise reasonable control over all proceedings connected with the litigation before it in order that there may be an orderly administration of justice, there was no basis for an adjudication of contempt and Hagan was entitled to be released. In re Hagan, supra.

The plaintiff contends that the defendants (1) conspired to deprive him of equal protection of the laws; (2) conspired to deprive him of due process of law; and (3) conspired to deprive him of the rights, privileges and immunities secured by the Constitution and laws of the United States. Hagan claims that the acts of Commissioner Boisvert in holding him in contempt of court and sentencing him to the County Jail were done without any jurisdiction whatsoever. He contends that Judge Levit is liable because he knew that Commissioner Boisvert had no jurisdiction as a matter of law.

The issue is whether or not Commissioner Boisvert had jurisdiction to consider the motion for an order granting Hagan leave to file a cross-complaint.

 Preliminarily it should be stated that Hagan agrees with the rule that judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter, and that the Civil Rights Act creates no exception to this immunity. Sires v. Cole, 320 F.2d 877 (9th Cir. 1963). He agrees further that an allegation of conspiracy will not abolish the doctrine of judicial immunity. Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964).

This civil rights case is to be determined upon the issue left unresolved by the District Court of Appeal in Hagan, supra, wherein at page 594 of 224 Cal. App.2d, page 831 of 36 Cal.Rptr., the Court stated: "Accordingly, it is unnecessary to consider the question of whether the appointment made on October 1, 1963, of the commissioner as judge pro tempore, pursuant to stipulation, was effective with respect to the proceedings which occurred on November 22, 1963." The failure to resolve that issue in the State Court has led to the filing of the action herein. The plaintiff concedes that if the appointment was effective, then the doctrine of judicial immunity applies.

 It is the decision of this Court that the appointment, made on October 1, 1963, was effective with respect to the

proceedings which occurred on November 22, 1963. Therefore, the amended complaint must be dismissed as to Commissioner Boisvert and Judge Levit. The Court has previously dismissed the amended complaint as against the State of California.

Article VI, Section 5, of the California Constitution provides in part as follows:

"Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof."

Here the plaintiff stipulated that Commissioner Boisvert be appointed as a judge pro tempore with respect to the "Pre-Trial" in the matter. A literal reading of the California Constitution leads one to the conclusion that the stipulation empowered the Commissioner to act as a judge pro tempore in all the pretrial matters until all such issues were finally determined. In Anderson v. Bledsoe, 139 Cal.App. 650, 34 P.2d 760 (1934), it was held that the authority of a judge pro tempore of the Superior Court continues until the final disposition of the case, and such a judge has the right to hear a motion to vacate an order granting a new trial, even though such order has become final so far as a direct appeal therefrom is concerned. It thus appears that when a judge pro tempore is appointed for a given proceeding, he is authorized to hear all matters relating to that proceeding, i. e., until there is a final determination with respect to all aspects of that proceeding.

Section 575 of the California Code of Civil Procedure provides: "The Judicial Council may promulgate rules governing pretrial conferences, and the time, manner and nature thereof, in civil cases at issue, or in one or more classes thereof, in the superior courts and in the municipal courts."

Rule 216 of the California Rules of Court, Rules of Practice and Procedure adopted by the Judicial Council, provides: "When filed, the pretrial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice. *Any motion so to modify before trial shall be heard by the pretrial conference judge* or, if not available, before the presiding judge, or, if none, before any judge sitting in that court." (Emphasis added.)

The Pre-Trial Conference Order, dated October 2, 1963, stated that no law and motion matters "are pending or likely", and that the case had already been set for trial. When, on November 22, 1963, Hagan filed a motion for an order granting him leave to file a cross-complaint, the motion in effect was a motion to modify the Pre-Trial Conference Order. Therefore, pursuant to the California Constitution, the statutes of California, the case decisions, and the rules of the California Judicial Council, Commissioner Boisvert had jurisdiction to consider the motion. All proceedings, therefore, before him were judicial proceedings and the doctrine of judicial immunity applies.

It is ordered that the motions to dismiss be and they are hereby granted.

It is further ordered that this dismissal is with prejudice, and the plaintiff is without leave to file a further amended complaint.

It is further ordered that the Clerk this day serve copies of this Judgment of Dismissal by United States mail upon the attorneys for the parties appearing in this cause.