[Crim. No. 22751. Second Dist., Div. One. Mar. 9, 1973.]

In re GERRY ROSEN on Habeas Corpus.

**COUNSEL**

Gerry Rosen, in pro. per., for Petitioner.

John D. Maharg, County Counsel, and Jeffrey H. Nelson, Deputy County Counsel, for Respondent.

**OPINION**

**LILLIE, J.**—By application for writ of habeas corpus, petitioner Gerry Rosen, an attorney at law, seeks a review and an annulment of an order of the Los Angeles Superior Court adjudging him in contempt and sentencing him to jail for five days or, in the alternative, to pay a fine of $500. Such adjudication was made in the course of a felony trial wherein petitioner was defense counsel for Will David Young who, together with one Wilson (represented by separate counsel), was charged with forcible rape. Sentence on the contempt was stayed until the termination of the trial. Writ of review was issued returnable to this court and the temporary stay granted upon filing of the petition was continued until further order.

The adjudication of contempt is by way of a minute order[1] dated September 27, 1972; it reflects the court's oral findings and imposition of punishment. It is apparent that a minute order complies with the requirement of section 1211, Code of Civil Procedure, that a written order must be made adjudging that the party proceeded against is guilty of a contempt and that he be punished accordingly. (See *Morales* v. *Superior Court,* 239 Cal.App.2d 947, 948 [49 Cal.Rptr. 173], and *Blake* v. *Municipal Court,* 144 Cal.App.2d 131, 133 [300 P.2d 755].)

Petitioner contends that the recitals in the order are conclusionary in nature, and an order adjudicating contempt is valid only if it contains a

---

[1]"Out of the presence of the jury, the Court finds attorney Gerald Rosen in contempt of Court for the following reasons:

"During the course of this jury trial, commencing September 25, 1972, the Court has repeatedly admonished Gerald Rosen concerning his conduct during the course of the trial of making uncalled for and gratituous [*sic*] remarks, his editorializing of the witnesses' testimony, his disrespect to the Court on numerous occasions, his impeding the due course of the trial, his needless and spurious objections, his long immaterial speeches. Mr. Rosen did not heed the admonitions of the Court, and this afternoon made a facetious and uncalled for remark concerning Richard Nixon, which was a culminating act of contemptuous conduct. Attorney Gerald Rosen is sentenced to 5 days in the county jail or a fine of $500.00; sentence is stayed until the conclusion of the trial."

recital of facts showing acts which constitute the contempt. Respondent court argues that the transcript of the record of the contempt proceedings fully supports the conclusion that the remark was "facetious and uncalled for."[2] While it could well do so, the circumstances in which the remark was made are not recited in the order. Contempts are either direct or constructive, the former, with which we are here concerned, being those committed "in the immediate view and presence" of the court (Code Civ. Proc., § 1211). " 'An order adjudging a person guilty of contempt in the immediate view and presence of the court must recite facts showing acts which constitute a contempt. (Code Civ. Proc., § 1211.) This is jurisdictional . . . .' " (*Vaughn* v. *Municipal Court,* 252 Cal.App.2d 348, 357 [60 Cal.Rptr. 575].) Further, "[P]roceedings to punish for contempt must be taken as prescribed in the statute. They are *stricti juris."* (*Lapique* v. *Superior Court,* 68 Cal.App. 407, 411 [229 P. 1010].)

Section 1211, Code of Civil Procedure, in pertinent part provides: "When a contempt is committed in the immediate view and presence of the court, or of the judge at chambers, it may be punished summarily; for which an order must be made, *reciting the facts as occurring in such immediate view and presence,* adjudging that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein pre-

---

[2]The "remark" in question occurred during the prosecutor's cross-examination of a defense witness, Roberta Earles, when she was asked about the presence of certain persons at the scene of the alleged rape. The transcript shows the following:

"Q. BY MR. CHRYSTIE [deputy district attorney]: Did you see Karen Loudon?
"A. No.
"Q. Shirley Swartsberg?
"A. He is a friend of mine.
"Q. Did you see him walk up and down there that day?
"A. He lives there, to [*sic*].
"Q. On that street?
"A. Uh-huh.
"Q. Did you see him that day?
"A. Uh-huh.
"Q. Did you talk to him that day?
"A. Right.
"Q. How about Roberta Earles?
"A. That's me.
"Q. Pardon me. How about Ira Coslow, did you see him?
"A. No.
"Q. Walter Reed?
"A. No.
"MR. ROSEN: Richard Nixon?

"THE COURT: I am going to hold you in contempt. I will deal with you before this case is over for those remarks you have been making, and constantly making. I will deal with you later."

scribed." (Italics added.) It is readily apparent that the court's order fails to comply with the italicized portion of the statute in that it does not contain a recital that the contempt was committed in the immediate view and presence of the court. For that reason alone the order must be annulled. (*Morales ,v. Superior Court,* 239 Cal.App.2d 947, 950 [49 Cal. Rptr. 173].) We cannot, as suggested by respondent at oral argument, read into the court's order matters which assertedly are implicit therein.

"Because of the penalties imposed a contempt is criminal in nature and presumptions or intendments may not be indulged in support of the order. The findings and judgment are strictly construed to favor the accused. [Citations.]" (*Blake* v. *Municipal Court, supra,* 144 Cal.App.2d at p. 136.)

The order is annulled.

Wood, P. J., and Thompson, J., concurred.