[Civ. No. 40268. First Dist., Div. Two. Mar. 4, 1977.]

COUNTY OF LAKE et al., Petitioners, v.
THE SUPERIOR COURT OF LAKE COUNTY, Respondent;
LAKE COUNTY EMPLOYEES' ASSOCIATION, INC.,
Real Party in Interest.

## COUNSEL

Charles D. Haughton, County Counsel, Downey, Brand, Seymour & Rohwer, John F. Downey and Stephen F. Boutin for Petitioners.

No appearance for Respondent.

Pano Stephens and Bill Bernard for Real Party in Interest.

## OPINION

**KANE, J.**—Petitioners, County of Lake, individual members of the Board of Supervisors, and the county Administrative Officer of the County of Lake, seek review of orders of contempt issued by respondent superior court on November 15 and 18, 1976, finding them in contempt of court for willful violations of orders issued by the court on July 9 and 30, 1976, and committing them to the county jail until such time as they perform acts specified by the court. We stayed enforcement of the orders pending final determination of the merits of this petition.

This proceeding arises out of the failure of petitioners to conduct a survey and conform the salary schedule as required by Lake County Ordinance, section 14-3 (3.1), and to meet and confer in good faith with representatives of real party in interest Lake County Employees' Association as required by Government Code, section 3505, as ordered by the court. ■ We need not consider the validity of the temporary restraining order issued by the court on July 9, 1976,. nor of the injunction issued by the court on July 30, 1976, disobedience of which forms the basis of the contempt orders, for we have concluded that the orders of contempt and the warrants of commitment based thereon are void.

It is apparent that the court elected to proceed under the. provisions of section 1219 of the Code of Civil Procedure[1] in order to compel petitioners to perform the specified acts. Unlike a commitment under section 1218, which authorizes imprisonment for a definite term, a commitment under section 1219 is provisional. Under section 1219, a contemner may be imprisoned until he has performed an act "which is yet in the power of the person to perform."

Although the order of November 15, 1976, finds that petitioners *had* the ability to comply with the restraining order and the order issued on July 30, 1976, it does not include a finding that the act to be performed is *presently* within the power of the contemners to perform. A contempt judgment issued under the provisions of section 1219 "must not only specify the act to be performed; it must also include a finding that such act is within the power of the contemner to perform. Otherwise, it is void." (*In re Wells* (1946) 29 Cal.2d 200, 202 [173 P.2d 811]; *In re Liu* (1969) 273 Cal.App.2d 135, 146 [78 Cal.Rptr. 85]; *In re Moulton* (1950)

---

[1]Unless otherwise indicated, all references will be to the Code of Civil Procedure.

100 Cal.App.2d 559, 563 [224 P.2d 76].) Since here, as in *Wells,* the order of November 15, 1976, is void for failure to conform to the above-stated requirements, other contentions of petitioners relating to the validity of that order need not be discussed.

The orders of November 18, 1976, directed to each individual petitioner, are likewise void. Although these orders correct the deficiencies in the order of November 15, 1976, judgments and orders of a court or judge made in cases of contempt are final and conclusive (§ 1222), and the court or judge retains no jurisdiction to alter a completed judicial act. When the court rendered its judgment on November 15, 1976, it lost jurisdiction of the parties and the subject matter, and it had no authority to enter another and different judgment on November 18, 1976 (*Barry* v. *Superior Court* (1891) 91 Cal. 486, 488 [27 P. 763]; *Martin* v. *Superior Court* (1962) 199 Cal.App.2d 730, 739 [18 Cal.Rptr. 773]; *Blake* v. *Municipal Court* (1956) 144 Cal.App.2d 131, 133-135 [300 P.2d 755]; *McLaughlin* v. *Superior Court* (1954) 128 Cal.App.2d 62, 66 [274 P.2d 745]).

The finding of guilt of contempt in particulars specified and the formal imposition of sentence therefor constituted judicial action complete and final, and it was no longer open to the court to make any further or different order therein (*Blake* v. *Municipal Court, supra,* p. 134). In *Martin* v. *Superior Court, supra,* the court annulled an amended commitment and order for contempt which attempted to correct an earlier defective order by supplying new findings, noting that "If an order, which by statute is final and conclusive, can be amended and reamended to supply vital deficiencies therein, the feet of the litigant would be standing on quicksand, without any idea when he could take effective proceedings to annul the order." (P. 739.)

We hold that the deficiencies in the order of November 15, 1976, were clearly the result of judicial error, and that the court retained no jurisdiction to enter new and different judgments on November 18, 1976.

■ Nor do we accept real party's argument that the order of November 15, 1976, could be corrected because it had not been entered in the minutes. Judgments and orders made in cases of contempt may not be analogized to sentences pronounced in criminal cases. Section 1222 specifically provides that "The judgment and orders of the court or judge, *made in cases of contempt, are final and conclusive.*" (Italics

added.) Here, the written order issued and signed by the judge on November 15, 1976, found petitioners in contempt, ordered that they be confined to jail until such time as they performed acts specified by the court, and directed the sheriff to take each of them into custody forthwith. There is nothing in the order to indicate that this was anything but the *final* order of the court. Petitioners were subject to immediate apprehension, and it was only because they sought and obtained an order staying execution of the order that they were not immediately confined.

For the foregoing reasons, we cannot agree that a contempt judgment reduced to writing and signed by the judge, and made final by the provisions of section 1222, should remain open to correction of judicial errors by reason of the failure of the clerk to perform his duty to enter the judgment in the docket of the court, as required by the provisions of section 1218.

The contempt orders under review, being void, must be and hereby are annulled.

Taylor, P. J., and Rouse, J., concurred.