[No. D004652. Fourth Dist., Div. One. Sept. 10, 1986.]

ALLEN R. BLOOM, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

■■■■■■■■■■

COUNSEL

Louis Katz for Petitioner.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Bruce W. Beach, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

**WIENER, Acting P. J.**—Attorney Allen Bloom seeks a writ of prohibition to prevent his contempt trial. For the reasons set forth below we issue the writ.

On January 22, 1986, Bloom was conducting jury voir dire during a hearing under Penal Code section 1368 regarding his client's competence to stand trial. Bloom asked a prospective juror the type of criminal case on which the juror had previously sat. The trial court ruled the question was improper and directed Bloom to "move to a different area" of inquiry. Bloom failed to comply with the court's order. After making several requests of Bloom to "move to a different area," the court excused the jury and cited Bloom for contempt. At his sentencing Bloom made a statement explaining his reasons for wishing to make the voir dire inquiries in question. The court rejected those reasons and ordered Bloom to pay a $350 fine.

Bloom successfully petitioned for a writ of habeas corpus from this court. In an unpublished opinion (*In re Allen R. Bloom* on Habeas Corpus, Apr. 10, 1986, D004293) we annulled the contempt order.

After issuing our opinion, the trial court reinstituted the contempt charge against Bloom by a written order to show cause setting the matter for hearing accompanied by the court's declaration describing the contempt with specificity. We granted Bloom's request for a temporary stay.

Our earlier decision in this case was based on fundamental principles governing direct contempts. ■ We recognized that while a court has both the statutory power (Code Civ. Proc., § 128, subds. (a)(1) and (a)(3)) and the inherent power (*Raskin* v. *Superior Court* (1934) 138 Cal.App. 668,

669-670 [33 P.2d 35]) to adjudge and punish for contempt, the order citing Bloom for contempt was "jurisdictionally defective because it . . . [did] not contain the information required by Code of Civil Procedure section 1211, namely a recitation that the facts underlying the citation occurred in the immediate view and presence of the court." (*In re Allen R. Bloom on Habeas Corpus, supra.*) We held the lack of these recitals compelled annullment of both the minute order and a later nunc pro tunc written order adjudging Bloom to be "guilty of contempt of court and imposing punishment . . . [were] void and [were] . . . annulled."

■ Implicit in what we said is that the judicial power to punish a lawyer summarily for contempt of court, essential to facilitate the orderly administration of justice (*Gallagher* v. *Municipal Court* (1948) 31 Cal.2d 784, 788 [192 P.2d 905]), is qualified by the cumulative effect of the lawyer's right to engage in respectful advocacy on behalf of his client (*Cooper* v. *Superior Court* (1961) 55 Cal.2d 291, 303 [10 Cal.Rptr. 842, 359 P.2d 274]), strict compliance with the statutory framework and the lawyer's personal right to due process. (CJER Cal. Judges Benchbook—Civil Trials, Contempt, §§ 11.3 and 11.9, pp. 344 and 348.) This heavy technical burden on a trial court is to offset the awesome power of the judge who not only imposes punishment, but is also the injured party, prosecutor and trier of fact. (*Gallagher* v. *Municipal Court, supra,* 31 Cal.2d 784, 788.)

■ In practical terms the trial court must act promptly and decisively in holding an attorney in contempt for acts occurring in the court's presence. An essential corollary to this is the right of the person held in contempt to swift and meaningful appellate review. Code of Civil Procedure section 1222 permits this immediate review by making the contempt order final.[1] As our earlier opinion explains the statutory mandate precludes any amendment to the order. "If an order, which by statute is final and conclusive, can be amended and reamended to supply vital deficiencies therein, the feet of the litigant would be standing on quicksand, without any idea when he could take effective proceedings to annul the order." (*Martin* v. *Superior Court* (1962) 199 Cal.App.2d 730, 739 [18 Cal.Rptr. 773], quoted in *County of Lake* v. *Superior Court* (1977) 67 Cal.App.3d 815, at p. 818 [136 Cal.Rptr. 830].) Permitting the trial court to reinstitute these proceedings would allow an amendment in a different form to that previously sought but with the same effect. ■ The same judge who previously decided Bloom's conduct was contemptuous would again be the trier of fact on identical facts which precipitated the contempt citation. Since a trial judge's finding of direct contempt is primarily a subjective determination, a pur-

---

[1]Code of Civil Procedure section 1222 provides: "The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive."

ported retrial of that finding in a due process framework is a contradiction in terms. Due process can never exist when the trier of fact has already decided the issue in dispute. Accordingly, we conclude reinstituting Bloom's contempt proceeding is contrary to the finality requirement of Code of Civil Procedure section 1222. Moreover, to hold such a proceeding before the same judge who earlier decided the issue is fundamentally unfair to the person charged.

Our selective and deliberate choice of the words "void" and "annul" describing our action in our earlier opinion was based on our conclusion that the trial court's order was not enforceable. (See *Raiden* v. *Superior Court* (1949) 34 Cal.2d 83, 86 [206 P.2d 1081].) Had we merely permanently stayed enforcement of that order, the trial court here would have been powerless to reinstitute these proceedings. By annulling the order we intended the same result. (See *Barry* v. *Superior Court* (1891) 91 Cal. 486 [27 P. 763].)

Our conclusion that a jurisdictionally defective finding of direct contempt against a lawyer cannot be revived is buttressed by the purpose of such proceedings. That purpose is to protect the integrity of the court and the judicial process (*In re Ciraolo* (1969) 70 Cal.2d 389, 394 [74 Cal.Rptr. 865, 450 P.2d 241]) and not to vindicate the judge's personal feelings. In evaluating what are seen as direct contempts a "judge must be long of fuse and somewhat thick of skin." (*DeGeorge* v. *Superior Court* (1974) 40 Cal.App.3d 305, 312 [114 Cal.Rptr. 860].) A reinstituted direct contempt proceeding in the procedural format of an indirect contempt becomes nothing more than a proceeding to vindicate the trial judge's pique since a later contempt finding can have no effect on a trial long since terminated. If we were to hold otherwise in this case Bloom would first be deprived of a jurisdictionally valid contempt order and later denied a fair hearing for a purpose unrelated to the administration of justice. Bloom's alleged direct contempt requiring summary action would have taken on a life of its own for no valid reason.

We conclude issuance of a peremptory writ of prohibition is suitable, preventing any further proceeding in this matter.

Further briefing or argument is unnecessary to determine the issue. Let a peremptory writ of prohibition issue (Code Civ. Proc., §§ 1104, 1105; see *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let a writ of prohibition issue preventing any further proceedings in this matter of the contempt charges against Allen R. Bloom arising out of his conduct related to the voir dire of the jury on January 22, 1986.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied October 6, 1986, and the opinion was modified to read as printed above.