[No. G018131. Fourth Dist., Div. Three. Nov. 29, 1995.]

In re GREG KREITMAN on Habeas Corpus.

**COUNSEL**

Schwamb & Stabile and Mark A. Hewitt for Petitioner.

Kayajanian & Brewsaugh and Jack J. Kayajanian for Real Party in Interest.

## OPINION

**RYLAARSDAM, J.**—Petitioner Greg Kreitman was convicted of 42 counts of contempt for failing to make spousal support and other payments required by a marital dissolution order. He was sentenced to 210 days in jail. In this petition for writ of habeas corpus he contends he was denied his right to a jury trial. We agree and remand the matter to the trial court with directions to resentence petitioner to a term not to exceed 180 days.

### STATEMENT OF FACTS

This matter arises out of the dissolution of a marriage between Greg and Karen Kreitman. The parties stipulated to judgment for dissolution, resolving all issues between them. An order of dissolution was issued in March 1993 in which petitioner was ordered to pay child support and spousal support commencing January 1, 1993. In February 1994, petitioner was found guilty of two counts of contempt for failing to make one child support and one spousal support payment. He was sentenced to 240 hours of community service.

In March 1995, Karen filed a second order to show cause, alleging 56 separate counts of contempt, based upon petitioner's further failure to make spousal and child support payments. On June 8 petitioner appeared without an attorney. The court explained his right to an attorney, to subpoena witnesses, to confront witnesses and to testify or decline to testify on his own behalf. He acknowledged and waived these rights. He was not, however, advised of nor did he waive his right to a jury trial. The proceeding went forward without a jury pursuant to Code of Civil Procedure[1] section 1209 (civil contempt), and petitioner was found guilty on 42 counts. He was subsequently granted a three-year probationary term and sentenced to two hundred ten days in jail (five days per count). Sixty days were imposed immediately and he was remanded into custody. The court stayed the remaining sentence until November 1995, at which time the court promised it would continue the stay if petitioner could show good cause.

Petitioner filed this petition for writ of habeas corpus. We issued an order to show cause and directed the trial court to release him on his own recognizance pending resolution of the writ proceeding. Petitioner contends he was denied his constitutional right to a jury trial. He further argues that, if we find he was entitled to a jury trial, and to be advised of his right to one, we cannot remand the matter for resentencing.

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## DISCUSSION

### 1. *Was Petitioner Entitled to Be Advised of His Right to a Jury Trial?*

█ Petitioner contends the court erred in depriving him of a jury trial because his sentence exceeded six months. Section 1218 specifies the nature and limitations of penalties which may be imposed on a person adjudged guilty of contempt. "In any court action in which a party is found in contempt of court for failure to comply with a court order pursuant to the Family Code, . . . the court shall order the following: [¶] (1) Upon a first finding of contempt, the court shall order the contemner to perform community service of up to 120 hours or to be imprisoned up to 120 hours, for each count of contempt. [¶] (2) Upon the second finding of contempt, the court shall order the contemner to perform community service of up to 120 hours, in addition to ordering imprisonment of the contemner up to 120 hours for each count of contempt. . . ." (§ 1218, subd. (c).)

There is a federal constitutional right to a jury trial in criminal contempt cases involving serious punishment. (*Bloom* v. *Illinois* (1968) 391 U.S. 194, 198 [20 L.Ed.2d 522, 526-527, 88 S.Ct. 1477].) In *Codispoti* v. *Pennsylvania* (1974) 418 U.S. 506 [41 L.Ed.2d 912, 94 S.Ct. 2687], the trial court (without a jury) found defendants guilty of multiple acts of contempt and imposed consecutive sentences exceeding six months. On appeal, defendants argued they were entitled to a jury trial. The United States Supreme Court reversed, stating that the actual penalty imposed is determinative of whether a criminal contempt is a petty or serious offense. (*Id.* at p. 516 [41 L.Ed.2d at pp. 921-922].) "[C]rimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty." (*Id.* at p. 512 [41 L.Ed.2d at p. 919].) The court therefore held a contemner is entitled to a jury trial if the penalty exceeds six months. Although each individual act of contempt carried a penalty of less than six months, the collective sentence was more than six months, entitling defendants to a jury trial. "Notwithstanding respondent's characterization of the proceeding, the salient fact remains that the contempts arose from a single trial, were charged by a single judge, and were tried in a single proceeding. The individual sentences imposed were then aggregated, one sentence taking account of the others and not beginning until the immediately preceding sentence had expired." (*Id.* at p. 517 [41 L.Ed.2d at p. 922].) California courts have also recognized this six-month demarcation in contempt proceedings. (See *Mitchell* v. *Superior Court* (1989) 49 Cal.3d 1230, 1244 [265 Cal.Rptr. 144, 783 P.2d 731]; *In re Morelli* (1970) 11 Cal.App.3d 819, 850 [91 Cal.Rptr. 72].)

Here, petitioner was sentenced to 210 days in jail. Even though the sentence was based on 42 separate contemptuous acts, the charges arose out

of a single order, were charged by a single judge, and tried in a single proceeding. The individual sentences imposed were aggregated, one sentence following another to reach the two-hundred-ten-day total. A contemner sentenced to more than 180 days in jail has a federal constitutional right to be tried by a jury.

The trial transcript demonstrates petitioner was not advised of his right to a jury trial. Civil contempt proceedings are quasi-criminal because of the penalties which may be imposed. (See *Farace* v. *Superior Court* (1983) 148 Cal.App.3d 915, 917-918 [196 Cal.Rptr. 297].) This being the case, a waiver of a contemner's right to a jury must be express. Since petitioner did not expressly waive his right to a jury trial, the sentence must be reversed.

## 2. *Resolution.*

■ Petitioner asks this court to reverse the judgment. Relying on *In re Baroldi* (1987) 189 Cal.App.3d 101 [234 Cal.Rptr. 286], he contends if we find the court improperly denied him a jury trial, further proceedings are barred and the sentence cannot be reduced. We disagree.

In *Baroldi*, the court found the contemner was denied due process at the contempt hearing because the procedures outlined in section 1211 had not been followed. As a result of this infirmity, the court nullified the judgment and stated it could not remand a contempt cause "in which the order has been declared void and annulled to the superior court . . . ." (*In re Baroldi, supra*, 189 Cal.App.3d at p. 111; see also *Bloom* v. *Superior Court* (1986) 185 Cal.App.3d 409, 412-413 [229 Cal.Rptr. 747].)

In *Bloom*, the appellate court also found the trial court had not followed the proper procedures for a contempt proceeding under the Code of Civil Procedure. The court found it would be unfair to reinstitute a contempt proceeding once the procedural errors had been cured merely to "vindicate the trial judge's pique." (*Bloom* v. *Superior Court, supra*, 185 Cal.App.3d at p. 413.)

Petitioner does not argue there were any irregularities in the nonjury trial of the contempts. Indeed, he agrees that, had the court sentenced him to 180 days instead of 210 days, there would not be any basis for habeas corpus relief. The mere fact the trial court inappropriately sentenced him does not mean he should avoid any sentence altogether.

*Cheff* v. *Schnackenberg* (1966) 384 U.S. 373 [16 L.Ed.2d 629, 86 S.Ct. 1523] concluded petitioner was properly convicted of a criminal contempt

without a jury where he received a six-month sentence. "[W]e rule further that sentences exceeding six months for criminal contempt may not be imposed by federal courts absent a jury trial or waiver thereof. Nothing we have said, however, restricts the power of a reviewing court, in appropriate circumstances, to revise sentences in contempt cases tried with or without juries." (*Id.* at p. 380 [16 L.Ed.2d at p. 634].)

*Taylor* v. *Hayes* (1974) 418 U.S. 488 [41 L.Ed.2d 897, 94 S.Ct. 2697] held an individual convicted of criminal contempt was not entitled to a jury trial where no more than a six-month sentence was actually imposed even though the court had originally imposed more than six months. The court stated: "It is argued that a State should not be permitted, after conviction, to reduce the sentence to less than six months and thereby obviate a jury trial. The thrust of our decisions, however, is to the contrary: in the absence of legislative authorization of serious penalties for contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months. We discern no material difference between this choice and permitting the State, after conviction, to reduce a sentence to six months or less rather than to retry the contempt with a jury." (*Id.* at p. 496 [41 L.Ed.2d at p. 906].)

There is no right to a jury trial in a civil contempt proceeding under the California Constitution. (See *Mitchell* v. *Superior Court, supra,* 49 Cal.3d 1230, 1244.) Petitioner's right to a jury trial flows from the United States Constitution and federal cases permit reduction of the sentence to six months or less in these circumstances. ■ Of course, reduction of the sentence would not be available if a misdemeanant was denied a jury trial, because the California Constitution guarantees a jury trial in all misdemeanor matters regardless of the punishment. (See *Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 765-766 [150 Cal.Rptr. 785, 587 P.2d 227].)

■ We also disagree with petitioner's argument that because he is faced with the possibility of a sentence greater than six months he is automatically entitled to a jury trial. "[W]e plainly cannot accept petitioners' argument that a contemner is entitled to a jury trial simply because a strong possibility exists that he will face a substantial term of imprisonment upon conviction, regardless of the punishment actually imposed." (*Codispoti* v. *Pennsylvania, supra,* 418 U.S. 506, 512 [41 L.Ed.2d 912, 919].)

■ If the court proceeds to trial on contempt charges without a jury, and the defendant does not expressly waive his or her right to a jury trial, the maximum sentence the court may impose is 180 days. Should the court prefer the option to impose a longer sentence, the court must advise defendant of the right to a jury trial and proceed with a jury absent an express waiver.

Let a writ of habeas corpus issue directing the trial court to resentence petitioner to a sentence of no more than 180 days. This court's order releasing petitioner from custody is dissolved upon finality of this decision.[2]

Sills, P. J., and Wallin, J., concurred.

[2]We had originally asked the parties to address the issue of sanctions based on what might have been a misrepresentation of the record. We have determined that sanctions are not warranted in this matter.