[No. 5570.]

## CHARLES H. LARRABEE v. GEORGE C. B. SELBY.

CONTEMPT OF COURT.—If a person who has been removed from a tract of land under a judgment in ejectment afterwards acquires title to the same, or acquires the right to pre-empt, and does pre-empt the same, he is not guilty of a contempt of Court by re-entering.

IDEM.—Proceedings to punish a party for contempt of Court are not the appropriate proceedings for the trial of an issue of title.

APPEAL FROM ORDER.—An appeal will not lie from an order punishing one for a contempt of Court.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The plaintiff, on the 20th day of December, 1872, obtained judgment against the defendant, in an action of ejectment, for the recovery of the possession of a tract of public land, described as the southwest one-quarter of section seventeen, township two south, range thirteen west, San Bernardino meridian, and the defendant was removed from the premises under the judgment. The defendant afterwards re-entered, and this was a proceeding to punish him for a contempt of Court in doing so.

Sec. 1210 of the Code of Civil Procedure provides that a person dispossessed from real property by a judgment or process of Court, and who, not having a right so to do, re-enters upon

it, is guilty of a contempt of the Court by which the judgment was rendered.   The defendant appealed.

The other facts are stated in the opinion.

*Gould & Blanchard*, for the Appellant.

An appeal lies to this Court.   (*Ware* v. *Robinson*, 9 Cal. 107 ; *Ex parte Rowe*, 7 Cal. 175 ; *Mahoney* v. *Van Winkle*, 33 Cal. 448.)   Defendant entered in good faith, having the right to enter under a subsequently acquired title, and not intending or committing contempt of Court.   (*Mahoney* v. *Van Winkle*, 33 Cal. 458.)

*R. M. Widney*, for the Respondent.

" The judgment and orders of the Court or Judge made in cases of contempt are *final and conclusive*."   (Code of Civil Procedure, sec. 1222.)   " An order of Court adjudging a party guilty of contempt is not appealable."   (*Aram* v. *Shallenberger*, 42 Cal. 275.)

By the COURT:

The judgment in this case was rendered on the 20th day of December, 1872; and the writ of restitution was executed on or about the 10th day of July, 1873 ; and the defendant re-entered the premises about the 12th day of April, 1876.   In answer to the order to show cause why he should not be punished for a contempt, the defendant filed his affidavit, and on the hearing documentary evidence was read.   The affidavit states, among other things, that the defendant claimed the right of pre-emption ; that on the 10th of March, 1876, the Secretary of the Interior allowed his pre-emption claim to the land; that subsequently thereto he complied with the pre-emption laws of the United States, and paid for the land, and received the Register's and Receiver's receipts therefor.   The documentary evidence shows that his pre-emption claim was allowed by the Secretary of the Interior.   On the hearing the following order was made: " Defendant found guilty of contempt, and alternative writ ordered to issue, he to abstain from committing waste."

There is nothing in the case tending to show that the defendant's claim of title was not made in good faith. Proceedings to punish a party for a contempt are not the appropriate proceedings for the trial of the issue of title. If after a judgment for the plaintiff the defendant acquires the title to the premises, he has the right of entry, and the Court would not punish him for entering under his title; but the issue as to such title should be tried in an appropriate action, in which the verdict of a jury or the findings of the Court may be had upon issues properly framed for the purpose of definitely determining the question of title. Summary proceedings were not designed for that purpose.

The objection is taken that an appeal will not lie from the order in this case, and in our opinion the objection must be sustained. Sec. 1222, Code of Civil Procedure, provides that " the judgment and orders of the Court or judge made in cases of contempt are final and conclusive." The same provision was contained in sec. 493 of the Practice Act. The Practice Act contained no provisions similar to those of sec. 1210 of the Code, nor were any in force until 1862. The Act of 1862 (p. 115) like sec. 1210 of the Code, declared that the re-entry, etc., of a person who had been ejected from land by legal process, etc., should be deemed a contempt; and consequently the orders made in proceedings had under those provisions would be subject to the general provisions applicable to proceedings for a contempt. In some cases in this Court appeals have been entertained from such orders, where questions of jurisdiction were involved; but there is no question of that kind in this case, and although it is manifest that such orders may, in their effects, be as important as a judgment for the recovery of the possession of the land, yet the Court must, in obedience to the provisions of sec. 1222, hold that an appeal in this case will not lie.

Appeal dismissed.