[In Bank. — January 24, 1884.]

## JAMES PALACHE ET AL., PETITIONERS, *v.* JOHN HUNT, JUDGE OF THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

| | |
|---|---|
| 64 | 473 |
| 79 | 109 |
| 64 | 473 |
| 88 | 559 |
| 64 | 473 |
| 133 | 248 |

MANDAMUS — APPELLATE JURISDICTION OF SUPREME COURT — UNDERTAKING. — The Supreme Court has appellate jurisdiction in cases of mandamus, and an undertaking in the sum of three hundred dollars, executed according to the provisions of section 941 of the Code of Civil Procedure, stays the execution of a judgment granting a writ of mandate, pending the appeal.

APPLICATION for a writ of mandate to compel the lower court to fix the amount of an additional undertaking to be given by the appellants to stay the execution of the judgment.

B. F. Dahl and others claiming to have been elected vestrymen of the parish of St. Marks, a religious congregation and

association organized under the canons and regulations of the Protestant Episcopal Church, instituted an action in the Superior Court praying for a writ of mandate to compel the petitioners herein (who also claimed to be the legally qualified and acting vestrymen) to surrender to them their offices and the possession of the church building and appurtenances thereto.

The court awarded the writ and the petitioners herein appealed, and gave an undertaking such as is provided for by section 941 of the Code of Civil Procedure.

They also asked the court to fix the amount of an additional undertaking, which they desired to execute and file for the purpose of staying the execution of the judgment awarding the writ. This the court refused to do, and petitioners filed this application for a writ to compel the lower court to perform such duty.

*Stanley, Stoney & Hayes*, for Petitioners.

*Ben. Morgan*, for Respondent.

SHARPSTEIN, J. — There is not in the present, nor was there in the late Constitution, any provision conferring appellate jurisdiction in cases of mandamus, certiorari, prohibition, or *quo warranto*. And yet this court has repeatedly exercised such jurisdiction. In *People* v. *Carman*, 18 Cal. 693, it declined to do so in a case of certiorari. But that case was expressly overruled in *Winter* v. *Fitzpatrick*, 35 Cal. 273, which has since been followed in a large number of cases, a majority of which arose under the late Constitution, which in this respect did not differ materially from the present one. And we must presume that the framers of the present Constitution copied into it the provision of the late one on this subject with knowledge of the interpretation which this court had given to it, and thereby adopted such construction. In other words, this court having repeatedly held that it had appellate jurisdiction in such cases under the late Constitution, the framers of the present Constitution, if they had intended to effect a change in that respect, would have made such intention clear.

We are therefore of opinion that an appeal may be taken to this court from a judgment of a Superior Court, granting or denying an application for a writ of mandamus, and that an

undertaking in the sum of three hundred dollars, executed and conditioned according to the provisions of section 941, Code of Civil Procedure, stays the execution of the judgment pending the appeal.

The application for a writ of mandamus t compel the court to fix the amount of an additional undertaking to be given by appellants is denied, as the undertaking already filed stayed the execution of the judgment pending the appeal.

MORRISON, C. J., THORNTON, J., McKINSTRY, J., MYRICK, J., and McKEE, J., concurred.