[Civ. No. 13497. First Dist., Div. One. May 25, 1948.]

ERNEST INGOLD, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Henry J. Kleefisch for Appellant.

J. W. Ehrlich, James Martin MacInnis, Victor E. Cappa and Roy A. Sharff for Respondent.

PETERS, P. J.—This is a companion case to *Turkington, et al.* v. *Municipal Court,* this day decided, *ante,* p. 631 [193 P.2d 795]. This appellant was a member of the same Chamber of Commerce committee involved in the Turkington case, and joined in passing the resolution discussed in that case. He was cited and tried for contempt in the same proceeding with the appellants in the companion case, and, like them, found guilty. He also petitioned the superior court for a writ of *certiorari.* Upon the denial of that petition he perfected a separate appeal. On this appeal he makes the same contentions that were made in the Turkington case, and which have been fully discussed in that case. Upon the authority and for the reasons stated in that opinion the order here appealed from must be reversed.

In addition to all of the points raised by counsel in the Turkington case, this appellant emphasizes one additional point that is barely referred to in the briefs in the other case, and that is, that it was prejudicial error to have refused his motion for a continuance for the purpose of summoning witnesses. Inasmuch as the facts in reference to this point give some indication of the atmosphere in which this contempt proceeding was tried, and indicate the reason why the courts have frowned upon the judge who has been attacked presiding in a constructive contempt proceeding, a brief reference to such facts will be made.

It appears that this appellant was not served with the order to show cause until the evening preceding the hearing. He had had less than one day to prepare his defense. At the commencement of the hearing he moved for a setting of the matter to be "tried the same as any other matter." This motion was denied. He then repeatedly and persistently contended that Judge Michelsen was disqualified. All motions to disqualify the judge were denied. Appellant then moved that the matter be continued to permit the subpoenaing of witnesses. His counsel stated that he intended and desired to call Judge Michelsen as a witness and that, in his opinion, it was improper for the judge to sit and pass upon his own evidence. Counsel indicated that he wanted to interrogate the judge about the traffic cases decided by the judge since he had been appointed to the traffic court, apparently in the hope that in this fashion he could prove the truth of at least some of the charges contained in the resolution. Counsel for appellant also announced that he desired to interrogate the judge about certain of his extrajudicial statements made to the press.

The motion was promptly denied, and the judge stated that the lawyer might question him but not upon his actions in traffic cases.

These actions of the judge amounted to a denial of due process. As already pointed out in the Turkington case, *ante,* contempt proceedings are governed by the principles applicable to criminal prosecutions. In cases of constructive contempt the accused is entitled to due process which includes a reasonable opportunity to prepare and to present his defense. (*Cooke* v. *United States,* 267 U.S. 517 [45 S.Ct. 390, 69 L.Ed. 767]; *McClatchy* v. *Superior Court,* 119 Cal. 413 [51 P. 696, 39 L.R.A. 691].) This appellant had had less than 24 hours to prepare his defense. To deny to him and to his counsel time in which to prepare his defense, and to deny to him the right to interrogate the judge on the truthfulness of the very facts set forth in the resolution which formed the basis for the contempt, was to deny to him due process of law.

For the above reason, and for the other reasons set forth in full in the Turkington case, *ante,* p. 631 [193 P.2d 795], the order appealed from is reversed.

Ward, J., and Bray, J., concurred.