[No. S021051. Feb. 20, 1992.]

GUSTAVO BERMUDEZ, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent.

### COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Gustavo Bermudez and Albert J. Menaster, Deputy Public Defenders, for Plaintiff and Appellant.

Marion Douglas, Deputy County Counsel, Chase, Rotchford, Drukker & Bogust, John A. Daly, Richard S. Kemalyan, Maile P. China, Toni Rae Bruno and David F. Link for Defendant and Respondent.

### OPINION

**LUCAS, C. J.**—We granted review to decide whether the denial by a superior court of a petition for a writ of certiorari directed at a municipal court contempt order is an appealable judgment under Code of Civil Procedure, section 904.1, subdivision (a) (hereafter section 904.1(a); all future references are to the Code of Civil Procedure, unless otherwise indicated). We conclude the superior court's denial of the petition is appealable. Accordingly, we reverse the contrary judgment of the Court of Appeal, and remand the matter to that court for consideration of the merits.

## I. *Facts and Procedure*

Gustavo Bermudez, a deputy public defender for the Los Angeles Public Defender's office, was scheduled to appear at 9 a.m. before Judge Victoria Chavez in Division 74 of the Municipal Court for the Los Angeles Judicial District of Los Angeles County for a hearing on his client's motion to suppress evidence. Bermudez was also scheduled to appear at 9:30 a.m. in division 15 of the same court, several miles away from division 74, to receive a jury verdict. When he was unable to secure a second attorney to handle the first appearance, Bermudez elected to make the 9:30 appearance in division 15. At 8:45 on the morning of both hearings, Bermudez telephoned Judge Chavez's bailiff to inform the court he had been unable to find a replacement attorney, but would appear in division 74 as soon as possible. When Bermudez arrived there at 10:30 a.m., Judge Chavez instituted a contempt proceeding, found Bermudez in contempt, and fined him $100.

Bermudez filed a petition for a writ of certiorari in the Los Angeles County Superior Court. That court stayed enforcement of the fine, and, after a hearing, entered judgment denying the petition and affirming the order of contempt. Bermudez petitioned the Court of Appeal for a writ of mandate challenging the superior court's disposition. The Court of Appeal summarily denied the petition, and we denied review of that order.

Bermudez then filed the present appeal from the superior court judgment. The Court of Appeal, characterizing the matter as an attempt to appeal from the municipal court contempt order rather than an appeal from the superior court's denial of a writ of certiorari, dismissed the appeal. We granted review. As stated above, we conclude the appeal is proper, and we will thus reinstate the appeal and remand to the Court of Appeal for consideration of the merits.

## II. *Analysis*

### A. *Constitutional provisions*

Under California Constitution, article VI, section 11, the "courts of appeal have appellate jurisdiction when superior courts have original jurisdiction and in other causes prescribed by statute." Section 10 of the same article provides, "[t]he . . . superior courts, and their judges . . . have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition. . . ."

### B. *Former section 904.1(a)*

Prior to 1983, former section 904.1(a) stated, "An appeal may be taken from a superior court in the following cases, [¶] (a) From a judgment, except

(1) an interlocutory judgment . . . , (2) a judgment of contempt which is made final and conclusive by Section 1222,[1] or (3) a judgment on appeal from a municipal court . . . ." (Stats. 1968, ch. 385, § 2, p. 812, formerly codified as § 963 [enacted 1872].)

*Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233, 238, footnote 5 [111 Cal.Rptr. 539] (hereafter *Burrus*), observed, "It is apparent that [former section 904.1(a)] was written in conformity to the policy of California Constitution, article VI, section 11, and Code of Civil Procedure section 911[2] preventing further appeal of municipal . . . court cases to the Court of Appeal, *but the language of the statute fails to screen out review by appeal from denial of an extraordinary writ.*" (Italics added.)

Accordingly, pursuant to former section 904.1(a), it was long held that a superior court judgment denying relief in the nature of mandamus or prohibition was appealable as a matter of statutory right. (E.g., *Palache* v. *Hunt* (1884) 64 Cal. 473, 474 [2 P. 245] ["an appeal may be taken . . . from a judgment of a Superior Court, granting or denying an application for a writ of mandamus"]; see also *Burrus, supra*, 36 Cal.App.3d 233, 236-239 [court obligated to entertain appeal from superior court judgment denying petition for writ of mandate challenging pleading ruling in municipal court]; *Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723, 728-734 [140 Cal.Rptr. 897] (hereafter *Gilbert*) [same; appeal from superior court judgment denying petition for writ of mandate or prohibition].)

Without specifically addressing the issue of appealability, courts also routinely entertained appeals of superior court judgments in matters like the present one, i.e., an appeal of the denial of a petition for a writ of certiorari following an order of contempt in the municipal court. (See *Bobb* v. *Municipal Court* (1983) 143 Cal.App.3d 860 [192 Cal.Rptr. 270, 39 A.L.R.4th 432]; *Crosswhite* v. *Municipal Court* (1968) 260 Cal.App.2d 428 [67 Cal.Rptr. 216]; *Vaughn* v. *Municipal Court* (1967) 252 Cal.App.2d 348 [60 Cal.Rptr. 575]; *Thorne* v. *Municipal Court* (1965) 237 Cal.App.2d 249 [46 Cal.Rptr. 749]; *Blake* v. *Municipal Court* (1956) 144 Cal.App.2d 131 [300 P.2d 755]; *Ingold* v. *Municipal Court* (1948) 85 Cal.App.2d 651 [193 P.2d 808]; *Turkington* v. *Municipal Court* (1948) 85 Cal.App.2d 631 [193 P.2d 795]; *Gillen* v. *Municipal Court, etc.* (1940) 37 Cal.App.2d 428 [99 P.2d 555]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 78, p. 103

[1]Section 1222, which makes contempt judgments and orders final and conclusive, and section 904.2, subdivision (a)(2), which precludes appeal from a judgment of contempt issued by a municipal court, are quoted in relevant part *post*, page 861, footnote 5.

[2]Section 911 provides for certification and transfer of appeals from the municipal court to the Court of Appeal.

["When a municipal court makes an order in a contempt proceeding, that order is reviewable in the superior court by certiorari. But the judgment of the superior court in the certiorari proceeding is appealable as a final judgment in a special proceeding."].)

In the face of growing concerns about overworked appellate courts, however, two courts addressing mandate and prohibition matters (*Burrus, supra*, 36 Cal.App.3d 233, and *Gilbert, supra*, 73 Cal.App.3d 723) strongly questioned the wisdom of a system under which such appeals were allowed.

*Burrus* noted, "[T]he law which permits an intermediate ruling of a . . . municipal court to go to the Court of Appeal by an appeal of right must be regarded as a loophole in our appellate system. . . . The policy expressed in the Constitution [and] the statute . . . is that litigation arising in [the] municipal . . . court[] will not go beyond the superior court except under very limited circumstances . . . . [¶] Nevertheless it is possible for any litigant in the municipal . . . court to apply at any time to the superior court for the issuance of a prerogative writ to prohibit, delay, review or revise any action or ruling taken or threatened, or to command any action refused in the inferior court. Such petitions are commonly denied out of hand, without a hearing, if in the opinion of the superior court the petition fails to state grounds for extraordinary relief." (*Burrus, supra*, 36 Cal.App.3d at p. 238)

*Burrus* went on to explain, however, that the superior court's denial of such writ relief "is a judgment of the superior court, and as such is appealable to the Court of Appeal under Code of Civil Procedure, [former] section 904.1, subdivision (a). No matter how frivolous the petition, or how trivial the issue which it raises, the petitioner is entitled, as a matter of right, to go through the entire appellate procedure, with preparation of record, briefs, calendaring and written opinion in the Court of Appeal." (*Burrus, supra*, 36 Cal.App.3d at p. 238, fn. omitted.)

The *Burrus* court noted that the consequence of such an intermediate appeal is often the "awkward" delay of proceedings in the lower court (36 Cal.App.3d at p. 239), and observed, "The existence of a right to appeal seems unnecessary when the purpose of the petition is to review a ruling of an inferior court, and the superior court has denied it without a trial of an issue of fact. If the aggrieved litigant has an issue of such gravity or significance as to justify the use of a prerogative writ, he may file an original petition in the Court of Appeal or the Supreme Court after denial in the superior court. Such new petitions are far less burdensome than appeals, since those petitions which lack merit on their faces can be screened out by summary denial." (*Ibid.*) Nevertheless, the *Burrus* court conceded that the

statute as it then existed "allows the use of the appellate process in this kind of situation" (*ibid.*), and thus concluded the appeal before it was proper.

In apparent response to *Burrus, supra,* 36 Cal.App.3d 233, the Judicial Council in 1976 proposed an amendment to former section 904.1(a), to preclude appeals from the superior court to the Court of Appeal from "a judgment denying a petition for issuance of a writ of *mandamus or prohibition* directed to a municipal court . . . ." (Judicial Council of Cal. Ann. Rep. to Governor and Leg. (1976) p. 45, italics added.) An Assembly bill was drafted to effectuate that change, but it died in committee. (*Gilbert, supra,* 73 Cal.App.3d at p. 730.)

The Court of Appeal in *Gilbert, supra,* subsequently issued a renewed call for legislative action. It noted that former section 904.1(a) produced anomalous results under which municipal court litigants "are *entitled* to far greater review protection than the superior court litigant with the identical legal problem" (73 Cal.App.3d at p. 728, italics in original), and concluded, "[w]e believe the procedure of forcing written opinions from the Court of Appeal on pretrial rulings of the . . . municipal court[] to be a loophole which needs plugging." (*Id.,* at p. 729.)

C. *Amended section 904.1(a)(4)*

The Legislature responded to these concerns in 1982, by adding subpart (4) to section 904.1(a), operative July 1983. (Stats. 1982, ch. 1198, § 63.2, p. 4323.) As revised, the section reads: "An appeal may be taken from a superior court in the following cases: [¶] (a) From a judgment, except (1) an interlocutory judgment . . . , (2) a judgment of contempt which is made final and conclusive by Section 1222,[3] (3) a judgment on appeal from a municipal court . . . , or (4) a judgment granting or denying a petition for issuance of a writ of *mandamus or prohibition* directed to a municipal court . . . which relates to a matter pending in the municipal . . . court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition for issuance of a writ of *mandamus or prohibition* . . . upon petition for an extraordinary writ." (Italics added.)

During the eight years since subpart (4) was added to section 904.1(a), there have been only two published decisions involving appeal from a superior court denial of a petition for a writ of certiorari challenging a

---

[3]Section 904.2, subdivision (a)(2) (quoted *post,* p. 861, fn. 5), mirrors section 904.1(a)(2)'s ban on appeal from superior court contempt judgments; it precludes appeal from judgments of contempt issued by the municipal court.

municipal court contempt order.[4] The first was *McCann v. Municipal Court* (1990) 221 Cal.App.3d 527 [270 Cal.Rptr. 640]. Consistent with 50 years of precedent (see cases cited *ante*, p. 858), and without discussing the issue of appealability, the *McCann* court proceeded to entertain the appeal. The second decision was the present case.

The Court of Appeal declined to allow the appeal. As an initial matter, the court implicitly acknowledged that, based on both (i) the case law predating the amendment, and (ii) the Legislature's failure to include certiorari in section 904.1(a)(4)'s provision barring appeal following a superior court's denial of jurisdiction under mandamus and prohibition, an appeal will "generally" lie from a superior court judgment disposing of a petition for a writ of certiorari.

The Court of Appeal concluded, however, that when the *legal issue* underlying the petition for certiorari is an order of contempt issued by a municipal court, the general rule permitting appeal from the superior court's judgment on certiorari does not apply. ■■■■ The court noted that under the Code of Civil Procedure, a contempt order is not itself appealable.[5] Accordingly, the court reasoned, the superior court's denial of the certiorari petition in this case was not appealable. It rejected as nonauthoritative the numerous decisions in which other appellate courts have entertained such appeals (see cases cited *ante*, p. 858), noting that in each of those cases the reviewing court simply assumed appealability without discussing the question.

■ The Court of Appeal's reasoning does not withstand analysis. The court asserted that although the attempted appeal in the present matter was from the superior court's judgment denying relief by certiorari, "[t]here can be no question that it is the contempt order which is being appealed. . . .

---

[4] In the years immediately after the addition of subpart (4) to section 904.1(a), at least three published decisions involved purported appeals from superior court denials of petitions for *mandate*. In all three cases the courts declined to entertain the appeal, and instead treated the purported appeal as a petition for an extraordinary writ. (*Heldt v. Municipal Court* (1985) 163 Cal.App.3d 532, 534, fn. 1 [209 Cal.Rptr. 579]; *Shortridge v. Municipal Court* (1984) 151 Cal.App.3d 611, 614-615 [198 Cal.Rptr. 749]; *Andrus v. Municipal Court* (1983) 143 Cal.App.3d 1041, 1046-1047, 1049 [192 Cal.Rptr. 341].)

[5] Section 1222, which has existed since 1872, makes "judgment[s] and orders of the court or judge, . . . in cases of contempt, . . . final and conclusive." Accordingly, as the Court of Appeal observed (and as Bermudez concedes), a judgment or order of contempt is not, in and of itself, appealable. (*Moffat v. Moffat* (1980) 27 Cal.3d 645, 656 [165 Cal.Rptr. 877, 612 P.2d 967]; *Larabee v. Selby* (1877) 52 Cal. 506, 508.) Consistently with this statute and authority, section 904.1(a)(2) has long provided there can be no appeal from a superior court "judgment of contempt which is made final and conclusive by Section 1222." Likewise, section 904.2, subdivision (a)(2) has long provided there can be no appeal from a municipal court "judgment of contempt which is made final and conclusive by Section 1222."

*The effect and substance of the judgment* [appealed from] *should determine its appealability.* (See *Peninsula Prop. Co.* v. *County of Santa Cruz* (1951) 106 Cal.App.2d 669, 678 [235 P.2d 635].)" (Italics added.) But the cited case does not so hold. Instead, it stands for the proposition that statutory designation of an order as final or interlocutory, and not the trial court's own characterization of an order, controls the question of appealability. Indeed, if the Court of Appeal were correct on this point, then *Burrus, supra,* and *Gilbert, supra*—the decisions that highlighted the "appellate loophole" and triggered the legislative response—were both wrong and unnecessary, because the underlying orders in those cases were not appealable. (See *Burrus, supra,* 36 Cal.App.3d 233; *Gilbert, supra,* 73 Cal.App.3d 723.)

Moreover, the premise underlying the Court of Appeal's interpretation of the statutory scheme does not survive close scrutiny. Although the Court of Appeal suggests there are some cases in which (i) the order challenged is appealable, but in which (ii) appeal from the denial of certiorari will nevertheless be allowed under the amended version of section 904.1(a)(4), there is, in fact, no such class of cases. It is well established that review by certiorari is not allowed if appeal is available (§ 1068 [certiorari lies only when "there is no appeal"]; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 33, p. 667), and hence there is no class of cases in which the order challenged is both appealable and subject to certiorari review. Accordingly, we reject the suggestion that the substance of the underlying order determines the appealability of a superior court judgment on a petition for a writ of certiorari.

In a related argument, the Court of Appeal reasoned, "the specific policy of section 1222 making contempt orders final and conclusive controls the general appealability provisions of section 904.1[(a)]. (*Gale* v. *Tuolumne County Water Co.* (1914) 169 Cal. 46, 51 [145 P. 532].)" Again, the cited case is inapposite. It did not involve an appeal from a superior court's denial of certiorari jurisdiction, and stands only for the established proposition that a finding of contempt is not itself appealable. Moreover, the Court of Appeal's conclusion is suspect. The right to appeal from a superior court judgment denying certiorari in municipal court contempt cases has not been questioned since creation of the municipal courts in 1925 (see *ante,* p. 858), even though both section 1222 and the predecessor to section 904.1(a) (former § 963) have coexisted during that time. Indeed, one respected commentator, citing an early decision in this long line of cases, has maintained for almost 40 years that such judgments are appealable. (See 3 Witkin, Cal. Procedure (1st ed. 1954) Appeal, § 18, p. 2161; 9 Witkin, Cal. Procedure, Appeal, *supra,* § 78, at p. 103 [quoted *ante,* pp. 858-859]; *id.* (1991 supp.) at pp. 14-15.) Although none of these prior cases specifically addressed the

question of appealability, we cannot conclude, as the Court of Appeal apparently did, that the Legislature intended that section 1222 restrict appeal from a judgment on certiorari following a municipal court contempt order. Had the Legislature so intended, we believe it would have acted sometime between 1925 and the present to plug the "loophole" that has been highlighted in *nine* published opinions since 1940, allowing appeals from a superior court judgment denying certiorari following a municipal court contempt order.

Perhaps because it appreciates the weakness of the Court of Appeal's attempt to distinguish between "contempt based" certiorari and all other legal bases for certiorari, respondent municipal court offers a different and more expansive approach to reach the same conclusion. Respondent asserts that although section 904.1(a)(4) speaks only in terms of barring appeal following the superior court's granting or denial of a petition for "mandamus or prohibition," we should consider the legislative history of the amendment and interpret that section to preclude appeal from the superior court's grant or denial of a petition for "mandamus or prohibition *or certiorari*." We agree, however, with the Court of Appeal's implicit rejection of this proposal. The Legislature's failure to preclude appeal following the superior court's granting or denial of a petition for certiorari, while at the same time barring appeal following the superior court's granting or denial of a petition for mandamus or prohibition, evinces legislative intent to retain the status quo concerning the former category of appeals. Nothing on the face of the statute suggests any ambiguity in this regard. To interpret the statute as respondent suggests would require us to rewrite section 904.1(a)(4) to include the certiorari category omitted by the Legislature. This we cannot do. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154], and cases cited.)

In any event, the "legislative history" offered by respondent does not support its view, but merely confirms our interpretation of the statute as precluding appeal only from the superior court's granting or denial of a petition for mandamus or prohibition.[6] Nor can we agree with respondent's suggestion that section 904.1(a)(4)'s repeated use of the phrase "mandamus

---

[6]Respondent quotes extensively from newspaper articles, letters to the Governor from opponents of the amendment to section 904.1(a), reports of both the Senate and the Assembly Committee on Judiciary concerning the amendment, a report by the Governor's legal affairs office, letters to the Governor from supporters of the bill, and a letter to the Governor from the bill's sponsor. First, we note that some of these sources are of very little value in determining legislative intent on the issue before us. (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589 [128 Cal.Rptr. 427, 546 P.2d 1371] ["In construing a statute we do not consider the motives or understandings of individual legislators who cast their votes in favor of it. [Citations.] Nor do we carve out an exception to this principle simply because the legislator whose motives are proffered actually authored the bill in controversy."].) Moreover, we note that *none* of the sources mentions or even intimates that the bill was intended to include certiorari in the amendment's appellate bar; instead they all repeatedly emphasize that

or prohibition" was intended to be merely illustrative rather than specific. The language used by the Legislature gives no hint that the listing of mandamus and prohibition was illustrative of other types of unnamed writs that the Legislature also intended to be brought within the appellate bar. Instead, the express mention of mandamus and prohibition in this context implies exclusion of all other types of writs. (See, e.g., *Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 196 [132 Cal.Rptr. 377, 553 P.2d 537].)

Ultimately, respondent's point seems to be that it is unwise to allow an appeal in a case such as this. The Court of Appeal echoed a similar concern, noting that the order at issue here "is not appealable to the superior court" and that "[i]t does not make any sense to make it appealable [to the Court of Appeal] merely by the device of filing a petition for a writ of certiorari." But as noted above, the Legislature failed to close this particular aspect of the statutory "loophole" when it precluded the closely related mandamus and prohibition appeals in its 1983 amendment. Whether or not we believe this is a wise result in terms of policy, we are bound to construe the statute as we find it.[7]

Under the present statutory scheme, the right to appeal a superior court judgment on a petition for a writ of certiorari arises from the superior court's entry of a judgment not listed in the exceptions enumerated in section 904.1(a). Unless and until the Legislature acts to preclude appeal of a superior court judgment on a writ of certiorari, a statutory right to such an appeal will continue to exist as it has since 1925.

### III. *Conclusion*

The judgment of the Court of Appeal is reversed and the matter is remanded to that court with directions to refile the appeal and consider the merits thereof.

Mosk, J., Panelli, J., Kennard, J., Arabian, J., Baxter J., and George, J., concurred.

---

the bill would preclude appeal from the superior court's judgment on a writ of "mandamus or prohibition."

[7] We note, however, that it is difficult to imagine why the Legislature might have intended a scheme that effectively allows appeal in municipal court contempt matters but not in superior court contempt matters, and we invite the Legislature to consider this anomaly.