[No. B118051. Second Dist., Div. Five. Sept. 30, 1998.]

CALIFORNIA CASUALTY INSURANCE COMPANY, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE CULVER JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
CHARLOTTE ANNE EMILE, Real Party in Interest and Respondent.

## COUNSEL

Davis & Drum and Joel Drum for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## OPINION

**TURNER, P. J.**—Plaintiff, California Casualty Insurance Company, purports to appeal after its mandate petition was denied by a superior court judge. The mandate petition was directed at the municipal court. We conclude the appeal must be dismissed because the superior court's order under review in this appeal does not fall within the scope of appealable orders listed in Code of Civil Procedure section 904.1, subdivision (a).

The mandate petition named as respondent the Municipal Court for the Culver Judicial District of Los Angeles County. The mandate petition sought to compel the municipal court clerk to file a dismissal order. On December

9, 1997, the mandate petition was denied by a superior court judge summarily because of an inadequate record (*Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 245-246 [219 Cal.Rptr. 420, 707 P.2d 793]; *Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186 [154 Cal.Rptr. 917, 593 P.2d 862]) and the failure to demonstrate there was no adequate remedy at law. (Code Civ. Proc., § 1086; *Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 370-371 [217 P.2d 951].) On December 15, 1997, plaintiff filed a notice of appeal from the denial of its mandate petition. We issued an order to show cause concerning possible dismissal of the appeal on our own motion. (*Jennings* v. *Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074]; *Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720].) We conclude the present appeal must be dismissed.

■ There is no right to appeal from the order denying the writ petition which challenged the conduct of the municipal court. Subject to certain narrow constitutional limitations, there is no right to appeal. (*Lindsey* v. *Normet* (1972) 405 U.S. 56, 77 [92 S.Ct. 862, 876, 31 L.Ed.2d 36]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34-35 [164 Cal.Rptr. 1, 609 P.2d 468] [". . . a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] [". . . a party possesses no right of appeal except as provided by statute"]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844 [52 Cal.Rptr. 4, 415 P.2d 819] [". . . an order is not appealable unless declared to be so by the Constitution or by statute"]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641] [". . . the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916] [". . . the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede* v. *Superior Court, supra,* 21 Cal.2d at p. 634 [there being no constitutional right of appeal; ". . . the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].) Accordingly, there being no constitutional issue raised by the dismissal motion, the question before us is entirely statutory.

Code of Civil Procedure section 904.1, subdivision (a) states, in pertinent part: "(a) An appeal may be taken from a superior court in the following cases: [¶] (1) From a judgment, except . . . a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or a justice court or the judge or judges thereof which relates to a matter pending in the municipal or justice court." The purpose of this provision is to eliminate appeals from superior court orders denying mandate or prohibition petitions under circumstances such as are present here. (See *Bermudez* v. *Municipal Court* (1992) 1 Cal.4th 855, 860-861 [4 Cal.Rptr.2d 609, 823 P.2d 1210].) The petition in the present case sought to have an dismissal entered by the municipal court. Since, the municipal court case has not been concluded, i.e., no dismissal has been entered, the present appeal is barred by the explicit provisions of Code of Civil Procedure section 904.1, subdivision (a).

In the past, as late as 1985, some Courts of Appeal have treated efforts to appeal from the denial of mandate petitions involving municipal court matters as extraordinary writ matters. (See *Bermudez* v. *Municipal Court*, *supra*, 1 Cal.4th at p. 861, fn. 4.) However, there is no public interest issue of statewide importance and no briefing has occurred; hence it is appropriate to dismiss the appeal and not treat the present matter as an extraordinary writ proceeding. (See *Morehart* v. *County of Santa Barbara* (1994) 7 Cal.4th 725, 746-747 [29 Cal.Rptr.2d 804, 872 P.2d 143]; *Poway Unified School Dist.* v. *Superior Court* (1998) 62 Cal.App.4th 1496, 1501, fn. 2 [73 Cal.Rptr.2d 777].)

The appeal is dismissed. The Municipal Court for the Culver Judicial District of Los Angeles County shall recover its costs incurred on appeal from plaintiff, California Casualty Insurance Company.

Armstrong, J., and Godoy Perez, J., concurred.