Filed 1/27/23  City of Long Beach v. Patel CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CITY OF LONG BEACH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAKSHA PATEL,<br><br>    Defendant and Appellant. | B316807<br><br>(Los Angeles County<br>Super. Ct. No. 18LBCV00013) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Affirmed.

Law Offices of Frank A. Weiser and Frank A. Weiser for Defendant and Appellant.

Office of the Long Beach City Attorney, Charles Parkin, City Attorney, Theodore B. Zinger, Arturo D. Sanchez, Deputy City Attorneys; Best Best & Kreiger, Christopher M. Pisano and Alexander M. Brand for Plaintiff and Respondent.

————————————

## INTRODUCTION

Appellant Daksha Patel (Patel) owns and operates the Princess Inn Motel. Respondent City of Long Beach (City) sued Patel alleging that her operation of the motel without a business license constituted a nuisance. The trial court granted City's motion for a preliminary injunction to prohibit Patel from operating the motel without a business license. Patel filed an appeal of the preliminary injunction order and kept operating the motel despite the preliminary injunction and despite not having a business license. While the appeal was pending, the court found Patel in contempt of the preliminary injunction order and issued a judgment against her imposing a fine of $37,000.

Patel now seeks to appeal the contempt judgment. However, a contempt judgment is not appealable. We exercise our discretion to treat the appeal as a writ proceeding, deny the requested writ, and affirm the judgment of contempt.

## FACTUAL AND PROCEDURAL BACKGROUND

City filed a civil nuisance action against Patel, her husband and her two brothers-in-law on October 15, 2018.[1] The complaint alleged that the business licenses for the Princess Inn were revoked in 2008 based on repeated illegal activity, such as illegal drug use and prostitution at the property, that posed a public nuisance. The complaint further alleged that, after this license revocation, the Princess Inn continued to operate without a license in violation of various City ordinances.

---

[1] Patel's husband and brothers-in-law were later dismissed from the case, leaving Patel as the only defendant.

On June 26, 2019, City filed a motion requesting the court issue a preliminary injunction prohibiting the defendants from operating any unlicensed business at the real property where the Princess Inn is located. On September 24, 2019, after holding two hearings, the trial court granted City's motion. On October 23, 2019, the court denied Patel's request to stay the preliminary injunction pending an appeal. The court issued the preliminary injunction on October 28, 2019.

On November 7, 2019, Patel appealed the order granting the preliminary injunction.

While the appeal was pending, City initiated contempt proceedings for Patel's alleged repeated violations of the preliminary injunction pursuant to Code of Civil Procedure sections 1209-1222.[2] On October 9, 2020, after several days of hearings, the trial court found Patel guilty of contempt of court for violating the preliminary injunction. The court issued a minute order in which it found that the City had proved 37 violations of the preliminary injunction beyond a reasonable doubt, declared Patel to be in contempt of court, and ordered Patel to pay $37,000 to the court within 30 days. On June 17, 2021, the court issued a judgment incorporating these same orders.

On August 20, 2021, we dismissed Patel's appeal from the order granting the preliminary injunction because the trial court's subsequent issuance of a permanent injunction rendered

---

[2] All unspecified statutory references are to the Code of Civil Procedure.

3

the appeal moot.[3]  (*City of Long Beach v. Patel* (Aug. 20, 2021, B302478) [nonpub. opn.].)

On November 15, 2021, Patel filed a notice of appeal of the contempt judgment.[4]

## DISCUSSION

### A.    Lack of Appellate Jurisdiction

" 'Appellate courts have jurisdiction over a direct appeal, like the present one, only where there is an appealable order or judgment.' (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1342 . . . .)  Whether an order or judgment is appealable 'is wholly statutory.' (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 . . . .)  Unless an order is expressly made appealable by a statute, this court has no jurisdiction to consider it. (*Steen v. Fremont Cemetery Corp.* (1992) 9 Cal.App.4th 1221, 1226 . . . .)" (*Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 903.)

---

[3] Patel has filed two notices of appeal regarding the trial court's judgment granting the permanent injunction. (*City of Long Beach v. Patel*, case No. B313788 [notice of appeal filed June 2, 2021]; *City of Long Beach v. Patel*, case No. B310344 [notice of appeal filed Jan. 14, 2021].)  Appeal No. B310344 remains pending; appeal No. B313788 was dismissed on November 15, 2021, pursuant to California Rules of Court, rule 8.140(b) for failure to procure the record.

[4] Patel had earlier filed a notice of appeal on February 11, 2021, related to the contempt finding; this court dismissed that appeal based on Patel's default under California Rules of Court, rule 8.140(b). (*City of Long Beach v. Patel et al.* (Nov. 15, 2021, B311496).)

4

"The general list of appealable civil judgments and orders is codified in section 904.1." (*Gastelum v. Remax Internat., Inc.* (2016) 244 Cal.App.4th 1016, 1021, fn. omitted.) That section provides that a "judgment" can be appealed to the Court of Appeal, but provides exceptions, including an exception for any attempted appeal of "a judgment of contempt that is made final and conclusive by Section 1222." (§ 904.1, subd. (a)(1).)

As our Supreme Court has noted, "Section 1222, which has existed since 1872, makes 'judgment[s] and orders of the court or judge, . . . in cases of contempt, . . . final and conclusive.' Accordingly, . . . a judgment or order of contempt is not, in and of itself, appealable. (*Moffat v. Moffat* (1980) 27 Cal.3d 645, 656 . . . ; *Larrabee v. Selby* (1877) 52 Cal. 506, 508.) Consistent[ ] with this statute and authority, section 904.1[, subd. ](a)(2) has long provided there can be no appeal from a [superior] court 'judgment of contempt which is made final and conclusive by Section 1222.' " (*Bermudez v. Municipal Court* (1992) 1 Cal.4th 855, 861, fn. 5; see also *Davidson v. Superior Court* (1999) 70 Cal.App.4th 514, 522 ["[a] contempt judgment is not appealable"]; *In re Holmes* (1983) 145 Cal.App.3d 934, 941 ["contempt judgments are final, conclusive, and not appealable"].)

The judgment of contempt in this proceeding is a judgment made "final and conclusive" by section 1222, and thus Patel cannot appeal the judgment.

Neither party raised the appealability of the contempt judgment in their briefing. However, the appealability of the judgment at issue is jurisdictional and " '[i]t is the duty of an [a]ppellate [c]ourt on its own motion to dismiss an appeal from an order which is not appealable. [Citation.]' [Citation.]" (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222.) Accordingly, we

5

requested supplemental briefing on the appealability of the contempt judgment.

City agrees that the contempt judgment is not appealable. In her supplemental brief, Patel cites *Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545 for the proposition that a contempt order which requires immediate payment of money is appealable as a collateral order. *Koshak*, however, does not say what Patel claims. In *Koshak*, the court held that a *restitution* order that required the immediate payment of money was appealable as a "collateral" order. (*Id.* at p. 1546.) While the trial court had also issued a contempt judgment, that judgment was not appealed and the Court of Appeal accordingly did not address the appealability of the contempt judgment; in fact, the Court of Appeal noted that the appellant had separately filed a writ petition challenging the contempt judgment. (*Id.* at p. 1542, fn. 1.)

Patel also argues that the contempt judgment here is appealable under section 904.1, subdivision (a)(12). That subdivision allows appeals "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (§ 904.1, subd. (a)(12).) That provision does not apply here because Patel is seeking to appeal from a contempt judgment imposing a fine, while section 904.1, subdivision (a)(12) addresses appeals from nonfinal orders imposing not fines but monetary sanctions. Interpreting subdivision (a)(12) to permit an appeal of a contempt judgment would directly contradict subdivision (a)(2), which provides that contempt judgments are not appealable, and impermissibly read that portion of subdivision (a)(2) out of the statute. (See, e.g., *Hassan v. Mercy American River Hospital*

6

(2003) 31 Cal.4th 709, 715-716 [judicial construction that renders part of a statute meaningless or inoperative is generally precluded].)

## B.    Patel's Alternative Request for Writ Relief

In the event we find the contempt judgment is not appealable, Patel requests that we treat her filing as a writ petition.  "The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1455-1456.)  Although we "have power to treat [a] purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances."  (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.)

Patel's request for writ treatment fails to explain why she proceeded by way of direct appeal instead of seeking expedited review in an extraordinary writ proceeding as required.  Nor does she provide any justification for the unreasonable delay in the disposition of this matter (and the related delay in prompt and appropriate compliance with court orders) caused by her failure to seek expedited review pursuant to a writ petition.  That being said, City also fails to explain why it did not move to dismiss the appeal or articulate any prejudice that it has suffered from delay in considering the appealability issue.

In similar circumstances, courts have treated an improper appeal as a writ petition when review by writ is the appropriate mode of review, and the issues are purely ones of law that have been thoroughly briefed.  (E.g., *Zabetian v. Medical Board* (2000) 80 Cal.App.4th 462, 466; compare *Sela v. Medical Bd. of California* (2015) 237 Cal.App.4th 221, 231-232 [reaching

7

contrary conclusion].)[5]  Because of the stigma that attaches to a finding of willful disobedience of a court order, and the criminal overtones of a contempt proceeding, we will exercise our discretion to treat Patel's appeal in this case as a writ.  (*Van v. LanguageLine Solutions* (2017) 8 Cal.App.5th 73, 79.)

"Appellate review of contempt proceedings is not subject to ordinary presumptions of regularity and correctness.  Instead, we must strictly construe the evidence in the record, the court's findings, and the contempt judgment itself to ensure [its] propriety . . . ."  (*Moore v. Superior Court* (2020) 57 Cal.App.5th 441, 454-455.)

Patel's appellate brief challenges the contempt judgment on two grounds.  First, she contends that the trial court lost jurisdiction to enforce its preliminary injunction order after Patel filed an appeal of that order.  Second, she contends the trial court should have afforded her an opportunity to purge her contempt before imposing a fine.  As discussed below, these challenges are meritless.

1.  *The Trial Court Had Jurisdiction to Issue the Contempt Judgment*

Patel first argues the trial court lacked jurisdiction to hold her in contempt because enforcement of the preliminary

---

[5] Citing California Rules of Court, rule 8.486(a)(4), City asserts that writ relief would be improper because Patel's appellate pleadings are not verified.  We disagree because the "functional equivalents of any necessary verifications [citation] are supplied . . . by the certifications of the clerk's transcript by the clerk of the trial court and of the reporter's transcript by the clerk and the reporter."  (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 745-746.)

injunction was automatically stayed pending her appeal of that injunction. We reject this argument because the preliminary injunction here was prohibitory, not mandatory, and accordingly there was no automatic stay of trial court proceedings during the pendency of Patel's appeal.

Section 916, subdivision (a) provides, with exceptions not relevant here, that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." This statutory framework does not address whether injunctive orders are stayed upon appeal, but "courts have understood the default statutory rule governing stays pending appeal to apply to some injunctive orders but not others, embracing a common law distinction between prohibitory, or preventive, injunctions and those mandating performance of an affirmative act." (*Daly v. San Bernardino County Bd. Of Supervisors* (2021) 11 Cal.5th 1030, 1040 (*Daly*).) "An injunction that requires no action and merely preserves the status quo (a so-called prohibitory injunction) ordinarily takes effect immediately, while an injunction requiring the defendant to take affirmative action (a so-called mandatory injunction) is automatically stayed during the pendency of the appeal." (*Id.* at p. 1035.)

The preliminary injunction here was prohibitory and not mandatory, and therefore was not stayed pending appeal. The preliminary injunction prohibited Patel from operating the motel without a business license. Patel did not have a business license, and therefore the effect of the injunction was to suspend her

9

business operations.  Even though the injunction's prohibition on operating the motel without a license required Patel to suspend business operations pending appropriate licensure, this did not alter the relevant status quo, which is measured from the time before the allegedly illegal conduct began. (*United Railroads v. Superior Court* (1916) 172 Cal. 80, 87 (*United Railroads*).)

As our Supreme Court explained in *Daly,* the "decision in [*United Railroads*] recognizes that in some instances, an injunction that is essentially prohibitory in nature may involve some adjustment of the parties' respective rights to ensure the defendant desists from a pattern of unlawful conduct. . . .  The *United Railroads* decision makes clear that an injunction preventing the defendant from committing additional violations of the law may not be recharacterized as mandatory merely because it requires the defendant to abandon a course of repeated conduct as to which the defendant asserts a right of some sort.  In such cases, the essentially prohibitory character of the order can be seen more clearly by measuring the status quo from the time before the contested conduct began." (*Daly*, *supra*, 11 Cal.5th at p. 1046.)  Because the preliminary injunction here was similarly prohibitory, it remained in force and was not stayed pending appeal.[6]

---

[6] Patel also notes that a party sought to be held in contempt can collaterally challenge the validity of the underlying order allegedly violated.  (E.g., *People v. Gonzalez* (1996) 12 Cal.4th 804, 820-822.)  She argues this means enforcement of the order at issue must be stayed because such a challenge would "intrude[ ] on the subject matter jurisdiction of an appellate court" considering an appeal of the underlying order.  Patel provides no authority for this position, which contradicts the

## 2. *The Trial Court Was Not Required to Afford Patel the Option to Cure Rather Than Pay*

Patel also argues that her due process rights were violated because she was not given the opportunity to comply with the preliminary injunction to avoid having to pay a fine. We reject this argument, which conflates the concepts of civil/remedial contempt orders with quasi-criminal/punitive contempt judgments.

The contempt action here was brought pursuant to sections 1209-1222, but that is not determinative of whether the contempt is characterized as civil or quasi-criminal/punitive. In a civil/remedial contempt proceeding, any resulting penalties are "designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard," meaning for example that proof beyond a reasonable doubt is not required. (*United Mine Workers v. Bagwell* (1994) 512 U.S. 821, 827 [114 S.Ct. 2552, 129 L.Ed.2d 642].) A quasi-criminal/punitive contempt proceeding is not coercive but instead designed to vindicate the authority of the court by punishing disobedience of court orders and provides the citee the constitutional protections afforded to criminal defendants (including proof beyond a reasonable doubt and the right against self-incrimination). (*Ibid*.) The United States Supreme Court has elsewhere held when discussing contempt that "[i]f the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court,

---

authorities cited above addressing the enforcement of prohibitory injunctions pending appeal.

11

though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order." (*Hicks on Behalf of Feiock v. Feiock* (1988) 485 U.S. 624, 632 [108 S.Ct. 1423, 99 L.Ed.2d 721].)

Here the fines imposed by the trial court were "punitive" in nature because they punished repeated disobedience of the court's order (rather than seeking future compliance) and were payable to the court. Because the proceeding was punitive for past misdeeds (and not coercive as to potential future conduct), there was no requirement that the court give Patel the option of avoiding payment through future compliance. Patel was afforded the protections the Constitution requires in criminal proceedings and does not contend otherwise. There was a lengthy trial after which the court made its findings using the beyond a reasonable doubt standard. Patel was represented throughout that proceeding. Patel did not demand a jury trial, nor was she entitled to one given the size of the contemplated fine and the lack of any threatened term of imprisonment. (§ 1218, subd. (a) [issue of contempt to be determined by "the court or judge"]; *Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1240 ["It has long been established that the Code of Civil Procedure contempt statute triggers neither a state constitutional nor statutory right to a jury trial"].)[7]

---

[7] At oral argument, Patel claimed for the first time that she was misled into believing the contempt matter was civil, and therefore did not understand she could demand a jury trial. First, "[w]e do not consider arguments that are raised for the first time at oral argument." (*Haight Ashbury Free Clinics, Inc. v.*

Accordingly, we perceive no constitutional defect in the contempt judgment.

*Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9.) Second, the reporter's transcript from the evidentiary hearing and any preliminary matters before it commenced is not part of the record, so we have no record support for this assertion. Patel only designated the last day of the contempt trial (October 9, 2020) to be a part of the reporter's transcript. In response, the trial court issued a notice that the proceedings on that day were not reported. If Patel believed that was mistaken, she took no action in response. Patel designated only one other hearing (on October 23, 2020) to be a part of the reporter's transcript; the trial court issued a notice that there were no proceedings on that day. Nothing in the record indicates that there was a hearing on that day, and Patel again took no action in response to the trial court's notice. Third, Patel filed a trial brief before the contempt proceeding where her counsel (the same one who appeared at oral argument) stated that "there is no right to a jury trial [in this proceeding] unless the punishment is imprisonment," which both contradicts counsel's representation at oral argument and indicates Patel was under no misapprehension about any purported right to a jury trial. Fourth, even if we assume Patel was somehow misinformed into not requesting a jury trial, we perceive no reversible error because she was not entitled to one.

## DISPOSITION

Having construed this matter as a request for writ relief, the requested writ relief is denied, and the contempt judgment is affirmed. City shall recover its costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

14